Rex Lamont Butler

745 W. 4th Ave., Suite 300,

Anchorage, Alaska, 99501.

(907) 272.1497

Attorney For Kaleb Lee Basey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,    )
                             )
                  Plaintiff, )
                             )
v.                           )
                             )
KALEB LEE BASEY,             )
                             )
                  Defendant. )
_____ )    Case No. 4:14-cr-00028-RRB-SAO

## MOTION TO SUPPRESS

Comes Now, Kaleb Lee Basey, by and through his attorney, Rex Butler & Associates, Inc., and respectfully moves and petitions this Honorable Court to suppress all evidence secured by executing the military search warrant;  all statements made by Basey during the course of his custodial interrogation; and  all evidence secured by executing the federal search warrant.  This motion is based on the following considerations:

**I**
**Procedural Background**

**United States v. Basey, Motion To Suppress**

1

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

Basey was indicted on three counts of Attempted Enticement of a Minor and one count of Receipt of Child Pornography.

Basey previously filed a motion to suppress evidence derived from executing the military search warrant. (Docket 44). In it, Basey argued that the military warrant lacked probable cause; that the good faith doctrine was inapplicable; that the federal warrant did not fall within the independent source rule; and, that the independent discovery doctrine was not implicated. (Docket 44). Basey did not argue that the federal warrant was unsupported by probable cause.

Basey previously filed a motion to suppress statements he made during the course of his custodial interrogation. (Docket 49). His theory was that he was subjected to an illegal seizure without probable cause and therefore that his subsequent interrogation was tainted. Basey did not argue in his motion that his interrogation was tainted by an illegal search. (Docket 49). Later, after this Court published its Initial Report and Recommendations, Basey filed an objection in which he argued, *inter alia*, that the interrogation was tainted by an illegal search. (Docket 97 at 5-6).

This Court issued its Final Report and Recommendations (Docket 110). *Inter alia*, this Court found as follows:

1. The military search warrant lacked probable cause. (Docket 110, at 26).

2. The good faith exception was inapplicable because the officer could not have harbored a reasonable belief in the existence of probable cause.(Docket 110, at 36).

3. The independent source doctrine was applicable. (Docket 110, at 46).

4. The federal warrant was supported by probable cause. (Docket 110, at 49).

**United States v. Basey**, Motion To Suppress

Rex Lamont Butler
and Associates, Inc.
745 W. 4ᵗʰ Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

In the discussion that follows, Basey argues that he was subjected to an illegal search of his barracks room; that the officer exploited the results of the illegal search; that his interrogation was tainted; and therefore that his statements should be suppressed.

In addition, Basey argues that the suppression of his statements renders the federal search warrant of his electronics bereft of probable cause and therefore that the evidence obtained from executing the federal warrant must be suppressed.

## II
## Discussion

### A
### Facts

This Court, based on prior pleadings and a lengthy evidentiary hearing is already intimately familiar with the facts of the case. Basey respectfully requests that the evidence adduced at the evidentiary hearing, including the exhibits, be incorporated herein by reference.

Two advertisements, which were subsequently traced to Basey at his address on post, were placed on Craigslist in the category of "Personals" and in the subcategory of "casual encounters". The first advertisement depicted a young, clothed girl lying on a couch. The text of the advertisement said: "any dads or moms want to share a daughter with me for the night? just guauging interest, must have a daughter. respond with torchat id if you got one. Fit, attractive, kinky, hung male here." (sic) (Docket, 110, 4-5).

The second advertisement contained a photograph of a woman and a young girl who were both clothed. The adult had her hand down the front of the young girl's pants. The text read as follows: "I'm a good looking guy looking for a mom who has a young daughter she'd like to share with me for taboo fun. It's a lot warmer here in Alaska." (Docket 110, at 6).

Rex Lamont Butler
and Associates, Inc.
745 W. 4ᵗʰ Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Basey**, Motion To Suppress

3

CID Agent Shanahan secured a warrant[1] to search Basey's barracks room from a military magistrate. Agent Shanahan traveled to Basey's barracks and informed him that he was there to execute a search warrant. During the execution of the search warrant Agent Shanahan seized Basey's electronics, among other things. Basey was made to stand in an outer hallway while the search was made.

Basey was arrested and taken to CID headquarters, where he was interrogated by Agent Shanahan. Agent Shanahan advised Basey of his Miranda rights, and Basey agreed to be interrogated. Basey made some inculpatory admissions. Then, Agent Shanahan told Basey, "I'm going to go through all your stuff and will find everything." Upon hearing this, Basey responded that "you will find some, I guess, child porn on the computer." (Docket 110, at 19).

Agent Shanahan then readministered the Miranda advisement. Basey agreed to continue the interrogation and made additional inculpatory statements.

At the conclusion of the interrogation, Basey was released to his command.

Approximately nine months later, the FBI secured a warrant from the United States District Court to search Basey's electronics. The affiant[2] was Special Agent Jolene Goeden. Agent Goeden's affidavit may be summarized as follows:

(1)     She described the above-discussed Craigslist advertisements.

(2)     The advertisements were traced to Basey.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

---

[1]
This Court has already found that the military warrant lacked probable cause and that the good faith exception was not applicable. That being the case, it is unnecessary to discuss the warrant's contents and/or its defects in any detail.

[2]
Agent Goeden's affidavit is Government Exhibit 1 at the previous evidentiary hearing.

**United States v. Basey**, Motion To Suppress

4

(3)     A search warrant was executed on Basey's barracks room and the electronic devices to be searched were seized.

(4)     Basey was interrogated and he:

      (a)     Admitted that he posted the Craigslist advertisements;

      (b)     Admitted that he had child porn on his computer;

      ( c)     Admitted that, even before joining the military, he searched for and viewed child porn sites;

      (d)     Identified sites he uses to access and download child porn;

      (e)     Described programs he uses to trade child porn and identified a recipient;

      (f)     Admitted that he had sex with a 17-year-old girl in Fairbanks and that he had proposed to her that she have sex on camera with multiple males but that no video was made;

(5)     Agent Goeden stated that the grand jury subpoenaed records of posts made on Craigslist from an email address associated with Basey. The posts are as follows:

      (a)      "Big cock for young girl— m4w. You be sexy and 18 or under. Might be generous if you're the right age ;)"

      (b)     "mommy needs money— m4w. looking for a mom with a daughter. wanting this to happen soon. must be discreet, obviously I will be too. I can't host, but will get hotel room if 3 of us meet first."

      ( c)     "mommy needs money— m4w. looking for a mom with a daughter. wanting this to happen soon. must be

Rex Lamont Butler
and Associates, Inc.
745 W. 4ᵗʰ Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Basey**, Motion To Suppress

discreet, obviously I will be too. I can't host, but will get hotel room if 3 of us meet first."[3]

(d) "babysitting— m4mw. let me babysit your daughter while you have a fun night on the town. I can teach her some cool things while you're out. Maybe she'll show you what she learned :) serious replies only -35 deg tonight."

(e) "Need money bad? — m4w. I can help you out if you help me out. Moms only. Must be open to me taking private pics/video."

(f) "looking for single mom w/ daughter— m4w. Looking for a lonely mommy with a cute lil girl that could use a man in her life. I'd love to get to know you girls and have some fun together. Very open minded on what we can do. -45 in Fairbanks today, Friday."

(6) Agent Goeden listed characteristics of child pornographers as follows:

(a) Individuals who have a sexual interest in children or in images of children "may" receive gratification from contact with children or from fantasies they may have in viewing images of children engaged in sexual activities. (Affidavit, 34).

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

---

[3]

This post is identical to the post described in the previous subsection, and both posts were made on the same day. It is unclear if the affiant is asserting that the same post was made twice on the same day, or if she inadvertently duplicated it in her affidavit.

**United States v. Basey, Motion To Suppress**

6

Rex Lamont Butler
and Associates, Inc.
745 W. 4ᵗʰ Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

(b)     Individuals who have a sexual interest in children or in images of children "may" collect sexually explicit or suggestive materials in a variety of media.  (Affidavit, 34).  Individuals who have sexual interest in children often use these materials for their own sexual arousal.  (Affidavit, 34).

( c)    Individuals who have a sexual interest in children or images of children often maintain their collections in computers.  (Affidavit, 35).

(d)     Individuals who have a sexual interest in children or images of children "may" correspond with others and share materials and information.  They "may" often maintain lists of others who share the same interests in child porn.  (Affidavit, 35).

(e)     Individuals who have a sexual interest in children or images of children prefer to not be without their child porn and therefore they may travel with some or all of their collection.  (Affidavit, 35).

(7)   Individuals who are identified as distributors of child pornography have been found to be in possession of significant quantities of child porn.  (Affidavit, 35).

**United States v. Basey**, Motion To Suppress

7

**B**
**Independent Source Doctrine Is Inapplicable**

This Court correctly found that the military search warrant lacked probable cause. Basey agrees with that conclusion for the reasons articulated by this Court in its Report and Recommendation and asserts that this Court's conclusion is the law of the case. Nevertheless, even though this Court concluded that the military warrant was invalid, and even though this Court found that it was not executed in good faith, this Court concluded that suppression was not appropriate because the federal warrant constituted an independent source. This conclusion, however, is fallacious, because the federal warrant *itself* is defective, as it was not supported by probable cause. Essentially, it lacks probable cause because it relied on evidence which requires suppression—Basey's admissions. (See Section II-C, infra.). The policy undergirding the independent source doctrine is that "while the government should not profit from its illegal activity, neither should it be placed in a worse position than it would otherwise have occupied". Murray v. United States, 487 U.S. 533, 542 (1988). The use of Basey's admissions placed the Government in a better position than it would have occupied absent the illegal search and subsequent tainted interrogation.

Furthermore, the federal warrant is invalid for the very reason the military warrant is invalid— the lack of a nexus between the legally obtained evidence (the Craigslist advertisements) and the conclusion that child porn or evidence of child enticement or coercion would be found on Basey's electronic devices. (See Section II-D, infra.).

**C**
**Basey's Statements Must Be Suppressed For All Purposes**

Previously, Basey filed a motion to suppress the statements he made during the course of his custodial interrogation on the theory that he was subjected to an illegal seizure without

**United States v. Basey, Motion To Suppress**

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

probable cause and therefore that his subsequent interrogation was tainted. (Docket 49). The theory that his interrogation was tainted by an illegal search went utterly unexplored. (Docket 49). Later, Basey briefly argued in an objection to this Court's Initial Report and Recommendations that the interrogation was tainted by an illegal search. (Docket 97 at 5-6). Thus, heretofore, what limited briefing on the theory of taint arising from an illegal search was inadequate and untimely.

The Fourth Amendment protects citizens from unreasonable searches and seizures. Warrantless searches are deemed to be unreasonable unless they fall within certain narrowly prescribed exceptions to the warrant requirement.

This Court has previously determined that the military warrant lacked probable cause and therefore was invalid. It follows that the search of Basey's barracks room was warrantless and in violation of the Fourth Amendment.

Evidence which is obtained through the exploitation of a Fourth Amendment violation must be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407 (1963)(Illegal arrest). Evidence is the fruit of the poisonous tree if it was obtained by exploiting a Fourth Amendment violation, and evidence is not poisoned fruit if it was obtained by "means sufficiently distinguishable to be purged of the primary taint." Wong Sun, 371 U.S. 487-88.

The exclusionary rule applies not only to evidence obtained directly from an unconstitutional search but also to evidence that is indirectly obtained as a result of an unconstitutional search, such as defendants' statements, provided that such indirect evidence bears a sufficiently close relationship to the illegal search. United States v. Ladum, 141 F.3d 1328, 1336-37 (9th Cir. 1998); New York v. Harris, 495 U.S. 14 (1990).

Taint analysis in cases involving unconstitutional searches is different from taint analysis in cases involving unconstitutional arrests. When there is an unconstitutional arrest, several factors must be analyzed to determine if the taint has been attenuated. In Brown v.

9

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

_Illinois_, 499 U.S. 590, 95 S.Ct. 2254 (1975), the defendant was illegally arrested and subsequently advised of his _Miranda_ rights. He unsuccessfully sought to have his statements suppressed as the fruit of his illegal arrest. The state supreme court held that the giving of the _Miranda_ advisements broke the causal chain between the illegal arrest and the defendant's statements. The U.S. Supreme Court noted that the giving of _Miranda_ warnings is an important factor to be considered in determining whether a confession was obtained by exploiting an illegal arrest. _Brown_, 499 U.S., at 603. However, the Court also emphasized other factors, such as (1) the temporal proximity between the arrest and the confession; (2) the presence of intervening circumstances; and, particularly, (3) the purpose and flagrancy of the official misconduct. _Brown_, 499 U.S., at 603-04.

However, as noted by La Fave, the law is different when there is an illegal search.

> In the typical case where the defendant was present when incriminating evidence was found in an illegal search or was confronted by the police with incriminating they had illegally seized earlier, it is apparent that there has been an 'exploitation of that illegality; when the police subsequently question the defendant about that evidence or the crime to which it relates. This is because the realization that the cat is out of the bag plays a significant role in encouraging the suspect to speak.
>
> Because this is the case, the more fine-tuned assessment which the Supreme Court mandated in _Brown v. Illinois_ for determination of when a confession is the fruit of an illegal arrest is ordinarily unnecessary when the 'poisonous tree' is instead an illegal search. As explained in People v. Robbins: Confronting a suspect with illegally seized evidence tends to induce a confession by demonstrating the futility of remaining silent. On the other hand, the custodial environment resulting from a false arrest is merely one factor to be considered in determing whether a confession is inadmissible.

6 Wayne R. La Fave, <u>Search and Seizure: A treatise on the Fourth Amendment</u>, Section 11.4 ( c)(3013 5th ed.).

In <u>Fahy v. Connecticut</u>, 375 U.S. 85 (1963), the defendant was convicted of painting black swastikas on a synagogue. The police in that case without a warrant had illegally

**United States v. Basey**, Motion To Suppress

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

searched the defendant's vehicle and seized from it a can of black paint and a paintbrush. The defendant made a full confession to the police. At the time, Connecticut did not apply the exclusionary rule, and therefore the defendant did not have an opportunity to challenge the search. At trial, the paint and brush, as well as the defendant's confession, were admitted into evidence. The Supreme Court reversed the conviction and noted that since the exclusionary rule was not applied in Connecticut, the defendant had no opportunity to demonstrate that the illegal search had induced the confession. Thus, on retrial, the defendant must be given an opportunity to make such a showing. As stated by the Court: "'The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all.' See Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392; see also Nardone v. United States, 308 U.S. 338; Wong Sun v. United States, 371 U.S. 471." Fahy, 375 U.S., at 91.

In United States v. Davis, 332 F.3d 1163 (9th Cir. 2003), the defendant's room was subjected to a warrantless search in violation of the Fourth Amendment. The police discovered a shotgun in a bag located under the defendant's bed. Later, when the police were aware that the defendant was a felon, he was asked about the shotgun. The defendant made inculpatory statements and was convicted of being a felon in possession. On appeal, he argued that the trial court erred in admitting his statements into evidence. The Ninth Circuit held that, for suppression, the defendant only needed to show that the shotgun tended significantly to direct the investigation toward the evidence sought to be suppressed. The Court concluded as follows:

> Under the circumstances, it can not be doubted that the search of Davis' bag led directly to his incriminating statements. Given the direct causal link between the search and the statements and the absence of any applicable exception, we conclude that the district court should have suppressed Davis' statements as the fruit of the poisonous tree.

**United States v. Basey**, Motion To Suppress

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

11

<u>Davis</u>, 332 F.3d, at 1171.

In <u>United States v. Shelter</u>, 665 F.3d 1150 (9th Cir. 2011), the police illegally searched the defendant's garage and house and recovered evidence that he had been cooking meth in his garage. He was interrogated at the scene by local police, and 36 hours later he was interrogated by DEA agents. He made inculpatory statements during both interrogations. On appeal, he argued that his statements were the tainted fruit of the illegal searches. The Ninth Circuit, noting that the defendant knew that his garage contained evidence that he was manufacturing meth and noting further that he was acutely aware that his garage was being searched, found that his admissions were the product of the illegal searches.

In the instant case, Basey knew his electronic devices contained evidence that could be used against him. He knew that the room was being thoroughly searched. The investigator announced that fact right from the very outset of the search. Then, Basey was forced to stand by in close proximity to the search activities while they continued. He therefore knew that the authorities had evidence that would likely send him to prison. He therefore knew, at the time he was questioned, that the jig was up and that nothing could be gained by exercising his right to remain silent. The illegal search therefore induced his inculpatory statements.

The <u>Shelter</u> Court then proceeded to determine whether the taint had been attenuated. It noted three factors that are relevant to taint analysis: (1) the temporal proximity of the search to the confession; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct. <u>Shelter</u>, 665 F.3d, at 1159.

The Court noted that although 36 hours is a relatively long period of time, the first factor does did not weigh in the Government's favor. The relevant inquiry is whether the passage of time would have dissipated the defendant's perception that the searches had yielded evidence such that remaining silent would be useless, or whether the passage of time

**United States v. Basey**, Motion To Suppress

12

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

would have decreased the extent that the searches would have induced the defendant to confess. Shelter, 665 F.3d, at 1159.

The Court noted that there had been no intervening factors that would attenuate the taint. The defendant did not speak to a lawyer. Moreover, even though the defendant had been given no less than three Miranda advisements, "such advisements are insufficient to purge the taint of a temporally proximate prior illegal act". Shelter, 665 F.3d, at 1159, citing United States v. Washington, 387 F.3d 1060, 1075 (9th Cir. 2004). The third factor also did not weigh in the Government's favor, in part, because the purpose of the illegal searches was to find evidence that could be used against the defendant. The Court also gave weight to the fact that the searches were flagrantly illegal. Shelter, 665 F.3d, at 1160.

In the instant case, there is a direct causal link between the illegal search and the inculpatory statements. The interrogator asked Basey about illegally seized penis rings. (Tr. 129). The investigator asked Basey about a photograph that the investigator had viewed on Basey's camera. (Tr. 129). The investigator told Basey that everything that had been taken— including the cell phone and the computer— would be examined. He then asked Basey whether there was anything else that would be found on the computer. (Tr. 92). At that point, Basey made his confession about child porn. Right from the outset, the investigator, in violation of Wong Sun, patently exploited the illegal search to induce Basey to make inculpatory statements.

And, it worked. As was the case in Fahy, the exploitation of the illegal search in this case induced a confession. And, as was the case in Davis, the exploitation of the illegal search tended significantly to direct the investigation toward Basey's inculpatory statements, the evidence sought to be suppressed. The inculpatory statements were the direct product of the illegal search of Basey's room, and therefore, pursuant to Shelter, were the fetid and foul fruit of the poisonous tree.

**United States v. Basey, Motion To Suppress**

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

The taint was not attenuated.  First, the interrogation occurred in close temporal proximity to the illegal search.  In fact, the interrogation occurred close on the heels of the illegal search.  There was no break in the action.  In Shelter, the Court determined that a break of even 36 hours was not sufficient to attenuate the taint.  Here, as noted, there was no break, whatsoever.

Second, there were no intervening circumstances.  As was the case in Shelter, Basey did not consult with an attorney.  Moreover, the fact that Basey was given a Miranda advisement did not serve to purge the taint.  Shelter, 665 F.3d, at 1159.

Third, the search was flagrantly illegal.  The investigator did not proceed in good faith.  The face of the warrant was inconsistent with the supporting affidavit. (Final Report and Recommendation, p. 38).  There was absolutely no nexus between the "offenses enumerated on the warrant and the subject of the search identified in the affidavit."  (Final Report and Recommendation, p. 39).  The supporting affidavit contained significant errors[4] which undermined the credibility of the affiant and the affidavit as a whole.  (Final Report and Recommendation, p. 39).  Fourth, the same officer who drafted the defective warrant and supporting affidavit was the officer who executed the warrant.   (Final Report and Recommendation, 40).  As stated by this Court: "The officer could not have harbored an objectively reasonable belief in the existence of probable cause to search Basey's room for child pornography..."  (Final Report and Recommendation, p. 36).

But, search it he did.  And, he exploited the results of that search for the express purpose of extracting the very admissions that are under challenge in this case.  As testified by the officer at the evidentiary hearing he used the above-described line of questioning as a

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

---

[4]

The affidavit contained another soldier's name and requested authorization to seize evidence of the wrongful use and possession of controlled substances. (Final Report and Recommendation, p. 39).

**United States v. Basey**, Motion To Suppress

14

"tool" to extract information. (Tr. 92). The officer knew or reasonably should have known, that the tools in his kit were illegally obtained. Yet, he used those tools to psychologically bludgeon Basey into making inculpatory admissions.

Accordingly, Basey submits that all evidence secured by the authorities as a result of the interrogation must be suppressed. This includes, but is not limited to, his inculpatory statements, his passwords, and his email address, *inter alia*.

## D
## The Federal Warrant Is Not Supported By Probable Cause

The federal search warrant authorized the search of Basey's Apple computer and his Apple iPhone for evidence of the violation of the crimes of distribution, receipt and possession of visual depictions of minors engaging in sexually explicit conduct, and coercion and enticement of a minor[5].

The Fourth Amendment requires search warrants to be supported by probable cause, as determined by a neutral and detached magistrate. Probable cause is defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). A reviewing court, in assessing whether a warrant was properly issued, should determine if there was substantial evidence in the record to support the issuing magistrate's decision to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984).

Rex Lamont Butler and Associates, Inc.
745 W. 4ᵗʰ Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

---

[5]

18 U.S.C 2422(b) defines the crime of coercion and enticement of a minor. It states as follows:
" Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

**United States v. Basey, Motion To Suppress**

There was no probable cause to issue the federal search warrant. First the weightiest evidence contained in the supporting affidavit was Basey's interrogation statements, including his confession to having child porn on his computer. But, as discussed supra., those statements were tainted by the illegal search of Basey's barracks room and must be suppressed. His statements must be redacted from the supporting affidavit and can not be used to support the federal search warrant.[6] Moreover, during the course of the interrogation, Basey provided the pass code to his iPhone. The Government used this information to gain access to the iPhone, which is something that it would not otherwise have been able to accomplish.

On independent grounds, the affidavit did not describe the child porn. Thus, the magistrate was prevented from assessing whether the images were in fact pornographic. A bare legal assertion that an image is pornographic is insufficient to establish probable cause. United States v. Brunett, 256 F.3d 14, 17 (1st Cir. 2001). See also U.S. v. Pavulak, 700 F.3d 651, 663 (3rd Cir. 2012)("As a result, the label "child pornography"—without any details about what the images depict or any other connection to child pornography— is beyond the outer limits of probable-cause territory". See also United States v. Battershell, 457 F.3d 1048, 1053 (9th Cir. 2006)("But, failing to include a photograph in a warrant application is not fatal to establish probable cause...Indeed, a judge may properly issue a warrant based on factual descriptions of an image." Here, of course, there was no factual description of the alleged child porn. Thus even assuming arguendo that Basey's statements could be considered, which is denied, the statements do not give probable cause.

Without Basey's interrogation statements there was no probable cause to issue the federal search warrant. This is the case for exactly the same reasons that this Court found that

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Basey**, Motion To Suppress

16

the military warrant lacked probable cause. That is to say, absent Basey's interrogation statements, the affidavit in support of the federal warrant failed to establish a nexus between the legally obtained evidence (the Craigslist advertisements) and the conclusion that child porn or the crime of coercion or enticement of a minor would be found on Basey's electronic devices. (See Section II-D, infra.).

This Court, citing Doughtery v. City of Covina, 654 F.3d 892, 899 (9th Cir. 2011), correctly noted that "evidence of sexual misconduct does not constitute evidence of chid pornography." (Final Report and Recommendation, p. 27). In Doughtery, the magistrate was presented with evidence that the defendant improperly touched several school children. There was no evidence of a connection between molestation and possessing child porn. And, the Court held that there was no nexus between molestation and possessing child porn even though the affiant stated, in light of his experience and training, that "...subjects in this type of criminal behavior have in their possession chid pornography." Doughtery, 654 F.3d, at 898.

In United States v. Weber, 923 F.2d 1338 (9th Cir. 1990), the defendant, in a reverse sting operation, ordered four child porn images from the Government. The defendant was charged with two counts of receiving child porn after a search warrant was executed on his home. The first count concerned the images the Government delivered to him. The second count concerned other images and child porn related material that was located in the defendant's home. The warrant granted authority to search for the Government-provided images (Count I), as well as other images and child porn materials (Count II). The supporting affidavit contained the following information:

> With these principles in mind, we review the information possessed by agent Burke when he swore out his affidavit. He knew (1) that two years previously, Weber had been sent advertising material that was described by the customs agent who intercepted it as "apparently" child pornography; (2) that although Weber was advised that Customs had the material, he never claimed it; (3) that there was no proof that Weber requested the advertising material; and (4) that Weber answered

**United States v. Basey, Motion To Suppress**

17

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

> a government-generated advertisement for child pornography and
> ordered materials that were to be delivered by the government
> just before the execution of the warrant.

Weber, 923 F.2d, at 1344.

In addition, the Weber affidavit contained certain expert opinion averments, such as: that pedophiles "typically" keep sexually explicit materials to show to their victims; that pedophiles "often" take photographs of their victims; that child pornography collectors do not destroy photographs but retain them for many years; and, that such material is stored in the collectors residence or other secure place for ready access.

The Court, in finding that there was no probable cause to search for anything beyond the four images that the Government was going to deliver to the defendant, noted that there was no indication in the warrant that the defendant was a pedophile, a molester, or child porn collector. Esssentially, there was no nexus between the evidence and the conclusion that materials other than the four images would be located in the defendant's home.

In the instant case, the affidavit in support of the federal warrant is even more defective than the affidavits in Weber and Doughtery. First, the advertisements placed on Craigslist do not establish probable cause to believe that Basey possessed child porn, as evidence of one type of sexual misconduct is not evidence of the possession of child pornography.

Second, the Court in Doughtery noted that the affiant stated that "...subjects in this type of criminal behavior have in their possession child pornography." Doughtery, 654 F.3d, at 898. No such linkage is provided in the instant case. The affiant in Basey's case stated that individuals who have a sexual interest in children "may" receive gratification in viewing images of children engaging in sexual activities (Affidavit, 34); "may" collect sexually explicit materials and often use these materials for their own arousal (Affidavit, 34); "may" maintain their collections in computers (Affidavit, 34); and, "may" correspond with others and share materials, and "may" maintain lists of others who share the same interest in child porn.

**United States v. Basey, Motion To Suppress**

18

(Affidavit, 35). The affidavit also states that individuals who are sexually attracted to children or images of children prefer to not be without their child porn. (Affidavit, 35). Finally, the affidavit states that child porn distributers have been found to possess considerable quantities of child porn. (Affidavit, 35).

At no place does the affiant state that individuals who are sexually attracted to children often, or even likely, possess child porn. The affiant's statements are much more guarded and anemic. She couches her assertions in a tentative manner by frequently peppering them with the use of the word "may". It may be noted that an affiant who knows that there is almost, but not quite, a zero chance that a statement is true can truthfully state that the statement "may" be true. This is far short of establishing a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S., at 238.

On page 35, paragraph ( c), of the affidavit, the affiant states that individuals "who have a sexual interest in children or images of children often maintain their collections in a private environment..." However, this statement presupposes that the individuals possess collections. That, of course, is the issue. To presuppose that the collections exist begs the question of whether there is probable cause to believe they exist.

On page 35, paragraph ( d), of the affidavit, the affiant states that individuals who have a sexual interest in children or images of children may correspond with others. The affiant then states as follows: "Individuals may often maintain lists of names [of others]...who share the same interest in child pornography" This presupposes that the individuals have corresponded with others, and it presupposes that the individuals have an interest in child pornography. Neither has been established in the affidavit.

On page 35, paragraph ( e) the affiant states that individuals who have a sexual interest in children or images of children prefer to not be without their child porn. Again, this statement presupposes that such individuals possess child porn. Whether or not there is a

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Basey**, Motion To Suppress

showing of a fair probability that the individuals possess child porn is the very issue to be decided. And, in this case, the affidavit contained no such evidence.

The affiant's expert opinion statement regarding offender characteristics appears to be boilerplate that is used for insertion into a variety of different warrants pertaining to a variety of different crimes. The affiant does not make it specific to Basey or establish the nexus between the characteristics and the conclusion that child porn would be found on Basey's computer.

In summary, the federal affidavit must be evaluated with the interrogation statements redacted. That leaves evidence that, at most, shows that Basey was sexually interested in children. But, that was not enough to create probable cause to believe that there was child porn on Basey's computer, as evidence of sexual misbehavior is not evidence of the possession of child porn. Finally, for the reasons discussed in the immediately preceding paragraphs, the affiant's generalized, philosophical statements about the characteristics of people who possess child pornography, are not sufficient to create a nexus between the advertisements and the possession of child porn. That being the case, this court can not conclude that there was substantial evidence contained in the affidavit that created a fair probability that child porn was located on Basey's electronic devices.

Moreover, there was no probable cause to conclude that evidence of a violation of 18 U.S.C 2422(b) would be contained on the computer. Advertisements, such as those described in the affidavit, are not evidence of a completed enticement or coercion of a minor. Furthermore, the described advertisements are not evidence of an attempt to entice or coerce a minor.

To be guilty of an attempt, a person must intend to commit a crime and take a substantial step toward completing the commission of that crime. Braxton v. United States, 500 U.S. 344, 349 (1991); U.S. v. Pariseau, 685 F.3d 1129, 1130 (9th Cir. 2012). Merely

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

preparing to commit a crime does not constitute a substantial step. <u>Buffington v. U.S.</u>, 815 F.2d 1292, 1301 (9ᵗʰ Cir. 1987). Rather, a substantial step requires an act "that is strongly corroborative of the firmness of a defendant's criminal intent." <u>Buffington</u>, 815 F.2d, at 1301.

All but one of the advertisements were directed toward adults. The one exception was directed toward either an underaged female or an eighteen-years-old female. None of the advertisements evidenced a completed crime or provided a basis for reasonably inferring that Basey's computer contained any evidence that the crime of enticement or coercion had been completed.

The same is true with respect to attempted enticement or coercion. Simply posting an advertisement is not evidence of an attempt. There was no evidence in the affidavit that a substantial step had been taken. <u>United States v. Winckelmann</u>, 70 M.J. 403, 404 (C.A.A.F. 2011). There was no evidence in the affidavit that Basey did anything, such as traveling, engaging in grooming behavior, securing a room, or concrete conversations about plans to meet, toward actually committing the crime of enticement or coercion. And, absent such evidence, there was no substantial reason for concluding that his electronic devices contained evidence of attempted coercion.

That being the case, there was no probable cause to conclude that Basey's electronic devices contained evidence of either completing or attempting to complete the crime of enticement or coercion of a minor.

The good faith exception is inapplicable to the federal warrant. Suppression is not required if the authorities proceed in good faith "in objectively reasonable reliance on" a warrant if issued by a detached and neutral magistrate, even if the warrant is determined to be invalid. <u>United States v. Leon</u>, 468 U.S. 897, 922 (1984). The Government has the burden of establishing good faith. <u>United States v. Kow</u>, 58 F.3d 423, 428 (9ᵗʰ Cir. 1995). The Government will not be able to shoulder that burden for the following reasons:

**<u>United States v. Basey</u>, Motion To Suppress**

Rex Lamont Butler
and Associates, Inc.
745 W. 4ᵗʰ Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

First, the Government had to have been aware that the military warrant was defective. It therefore decided to wash the previous errors and seek a new warrant. Yet, the Government went ahead and used the tainted fruit of the military warrant— Basey's statements about having child porn in his computer as well as the serial numbers of the devices— in order to obtain the federal warrant.

Second, the Government had to have been aware of the need to provide a nexus between the information given in the federal warrant application and the conclusion that Basey's devices contained evidence of the crime of receiving child porn or the crime of enticement or coercion of a minor. The Government had to have been aware that no such nexus was present. Thus, the Government had to have known that the warrant lacked probable cause. The application was so lacking in indicia of probable cause as to render reliance on the warrant unreasonable.

Third, the Government was aware that the devices had already been searched and found to contain child porn. Officer Shanahan's report indicates that the phone and computer were being examined as early as March 18, 2014 (Bates 1888); that the examination of the phone was completed on March 27, 2014 (Bates 1889); that the examination of the computer was 35% complete on May 8, 2016 (Bates 1891); that as early as June 14, 2014, child porn had been discovered (Bates 1894); that as early as June 24, 2014, a total of 5 child porn videos and numerous child porn in images had been discovered by the forensic examiners (Bates 1895); that on July 14, 2014, SA Goeden was briefed on the case (Bates 1897); that on July 14, 2014, the decision was made to transfer the evidence from the State of Alaska back to CID (Bates 1897); that on July 30, 2016, the Government assumed responsibility for Basey's case; and that on August 12, 2014, the FBI took possession of the forensic examiner's disc associated with this case and that Agent Goeden identified all the child porn images (Bates 1899, 2000). Thus, it reasonably may be inferred that the Government was aware of the fruits

Rex Lamont Butler and Associates, Inc.
745 W. 4th Ave., Suite 300
Anchorage, Alaska 99501

907-272-1497
907-276-3306 (f)

**United States v. Basey**, Motion To Suppress

of the earlier search; knew that the earlier search was vulnerable to a successful challenge; knew that the presence of child porn justified a federal case; and decided to wash or launder the earlier unconstitutional actions by seeking a new warrant. It also may be inferred that knowing the results of the earlier search motivated the Government's decision to seek the federal warrant.

All evidence secured by executing the federal warrant must be suppressed.

## III
## Conclusion

For the foregoing reasons, and based on the evidentiary hearing previously conducted in this case, this Court should conclude that Basey's room was unconstitutionally searched; that his subsequent interrogation was the fruit of the unconstitutional search; and that the federal search warrant, for the same reasons that the military warrant was bereft of probable cause, similarly lacked probable cause.

This Court should suppress all evidence secured by executing the military search warrant; all statements made by Basey during the course of his custodial interrogation; and all evidence secured by executing the federal search warrant.

Respectfully submitted this 4th day of October, 2016, in Anchorage, Alaska.

/s/ Rex Lamont Butler
745 W. 4th Avenue, Suite 300
Anchorage, Alaska 99501
(907) 272.1497
(907) 276.3306 (facsimile)
rexbutlercalendar@gmail.com
ABN: 8310105

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Basey**, Motion To Suppress

23

**Certificate Of Service**:

I hereby certify on this 4th day of October, 2016, a true and accurate copy of this MOTION TO SUPPRESS was served upon Assistant U.S. Attorney Andrea Whittier Hattan and Assistant United States Attorney Kyle Reardon *via* electronic filing.

/s Rex Lamont Butler

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**United States v. Basey**, Motion To Suppress