KAREN L. LOEFFLER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:14-cr-00028-RRB-SAO |
| Plaintiff, | **GOVERNMENT ANSWER TO DEFENDANT'S MOTION TO SUPPRESS FILED OCTOBER 4, 2016** |
| v. | |
| KALEB LEE BASEY, | |
| Defendant. | |

The government, by and through the undersigned counsel, hereby answers Defendant's Motion to Suppress Filed October 4, 2016 (hereinafter "Motion to Suppress" and "October 4 Motion"). C.R. 130. For the reasons stated below, the government respectfully asks the Court to deny the defendant's motion.

I. FACTUAL SUMMARY[1]

1. The Craigslist Advertisements

On January 16, 2014, Alaska State Troopers (AST) received information

---

[1] A complete articulation of the facts in this case is contained in the Court's Final Report and Recommendations Regarding Motion to Suppress Evidence and Statements. C.R. 110. The facts discussed here are those the United States believes are relevant to this motion.

about a Craigslist advertisement that appeared to seek an adult and child for sexual relations. The advertisement was titled "daughter share – m4w (fairbanks)," and said "any dads or moms want to share a daughter with me for the night? just gauging interest, must have a daughter, respond with torchat id if you got one, fit, attractive, kinky, hung male here." Attached to the online posting was a photograph of a young female lying on a couch wearing jeans and a cropped top.

On January 17, 2014, a second Craigslist advertisement was posted that included a photo appearing to show the same female pictured in the January 16, 2014 advertisement. Accompanying the young woman in the photograph was an adult female who had her hand down the front of the younger woman's pants. The advertisement read, "im a good looking guy looking for a mom who has a young daughter shed like to share with me for taboo fun. Its a lot warmer here in int Alaska today."

2. The Search of the Defendant's Barracks Room

Law enforcement traced the advertisement back to the defendant's barracks room on Fort Wainwright, Alaska. On January 17, 2014, law enforcement executed a military search warrant at that location. Law enforcement seized multiple items, including the defendant's MacPro computer and his iPhone 4S cell phone.

During the search, the defendant was asked to leave his barracks room and wait in the hallway; he was later taken to a patrol car. In the patrol car, the defendant asked a military police officer why he was there. The officer replied that he did "not really know why," and countered with "why do you think you are here," or words to that effect. The defendant responded that he was probably there because he had "text[ed] a prostitute."

3. The Defendant's Interview

The defendant was taken by the officer to the Army Criminal Investigation

2

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 2 of 12

division (CID) office for questioning. At the start of the interview, CID Special Agent Sean Shanahan informed the defendant that he was investigating allegations of "[s]olicitation of a prostitute, [s]olicitation to engage in sexual assault with a child, [and] pandering," and advised him of his *Miranda* rights.[2] The defendant then proceeded to admit to attempting to hire a prostitute, to posting on Craigslist, and to posting ads related to taboo acts and seeking contact with parents and their daughters.

The defendant also admitted having child pornography on his computer. After making this admission, SA Shanahan stopped the interview and obtained a second *Miranda* waiver from the defendant. Subsequent questioning by SA Shanahan about child pornography elicited confessions from the defendant that he had received and distributed child pornography through the Internet, and that child pornography was likely to be present on his computer. The defendant also admitted that he would have engaged in sexual acts with any individuals who responded to his Craigslist advertisements.

4. The Federal Investigation

The defendant's computer and cell phone were provided to AST for review. During this period, AST identified images of child pornography on the defendant's digital devices, as well as attempts to entice minors to engage in sexual acts and sexually explicit conduct. On July 25, 2014, AST requested assistance from the Federal Bureau of Investigation (FBI). On November 3, 2014, FBI SA Jolene Goeden applied for and received search warrant 3:14-mj-00326 from Magistrate Judge Deborah M. Smith. Ex. 1 (hereinafter "November search warrant"). The November search warrant authorized a search of the defendant's computer and cell

---

[2] These rights are codified for service members under Article 31 of the Uniform Code of Military Justice (UCMJ).

3

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 3 of 12

phone for evidence of child pornography and child enticement. Id. at 59-60.

The November search warrant did not include any evidence learned during the AST search of the defendant's computer and cell phone. Rather, the search warrant affidavit contained the facts known to law enforcement up to the time of the search of the defendant's room, and his admissions to SA Shanahan. Id at 27-32. In addition, the search warrant affidavit included information uncovered by SA Goeden as a result of a federal Grand Jury subpoena sent to Craigslist. Id. at 32-37. This subpoena provided information that at least six other Craigslist postings seeking access to minors had been made through the defendant's email account. Id. at 32-34.

During the FBI search of the defendant's digital devices, multiple communications were located between the defendant and minors in which the defendant solicits sex and sexually explicit photographs. Also located were additional chats that occurred outside the District of Alaska in which the defendant appeared to entice two additional minors into engaging in sexually explicit conduct. Finally, images of child pornography were located on the defendant's computer.

## II. PROCEDURAL HISTORY

The Grand Jury returned an indictment on December 16, 2014, charging the defendant with Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b); and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). C.R. 2. On April 21, 2015, the defendant filed motion to suppress evidence seized from his barracks room and statements he made to law enforcement following the search. C.R. 44 and 49. The United States replied to these motions. C.R. 56 and 57. Following a two-day hearing and the submission of objections to the Magistrate Court's Initial Report and Recommendation Regarding Motion to Suppress Evidence and Statements, C.R. 91 (hereinafter "Initial Report and

4

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 4 of 12

Recommendation"), the Magistrate Court found that there was an unlawful search of the defendant's barracks room, but that the defendant's computer and cell phone were lawfully seized and searched pursuant to the Independent Source doctrine. C.R. 110. The Magistrate Court similarly ruled that the defendant's inculpatory statements to law enforcement made following his *Miranda* advisement were also admissible. Id. [3] The Final Report and Recommendation Regarding Motion to Suppress Evidence and Statements was adopted in its entirety by the District Court. C.R. 113 (hereinafter "Final Report and Recommendation").[4]

### III. ARGUMENT

1. Introduction

In his motion, the defendant makes two claims. First, the defendant argues that the Court's prior ruling as to the admissibility of his post-*Miranda* statements to law enforcement was incorrect as these statements were the induced through the "[patent exploitation of] the illegal search" of the defendant's barracks room. Motion to Suppress at 13. The defendant then builds upon this first argument by arguing that because his statement was unlawfully obtained, that information should be excised from the November 2014 search warrant affidavit. When excised, the defendant argues that the warrant lacks probable cause to support the search of the defendant's computer and cell phone.

The defendant's motion should be denied. The admissibility of the

---

[3] The Court suppressed the pre-*Miranda* statements made to the military police officer.

[4] While awaiting resolution of the motions to suppress, the United States filed a Superseding Indictment on March 17, 2016, adding additional counts of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1), and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). C.R. 101.

5

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 5 of 12

defendant's statement to law enforcement has been previously litigated. The law of the case doctrine counsels against disturbing this prior ruling. Given the admissibility of the defendant's statement, the inclusion of facts from that statement into the November search warrant was not in error. The November search warrant clearly establishes probable cause to search the defendant's computer for evidence of child pornography and online enticement.

   2.   <u>Analysis</u>

       a. The Law of the Case Doctrine Precludes Reexamination of the <u>Defendant's Motion to Suppress his Statement to Law Enforcement.</u>

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." <u>Thomas v. Bible</u>, 983 F. 2d 152, 154 (9th Cir. 1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. <u>Arizona v. California</u>, 460 U.S. 605 (1983). A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. <u>Bible</u>, 983 F. 2d at 155. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. See <u>United States v. Estrada-Lucas</u>, 651 F. 2d 1261, 1263-64 (9th Cir. 1980) ("A decision of law in a case, once made, becomes the 'law of the case,' and should not be changed absent clear error in the original ruling or a change in the relevant circumstances." (citing 1B Moore's Federal Practice P 0.404(4) (2d ed. 1974)).

The defendant makes no showing in his motion that any of the <u>Bible</u> factors exist. Rather, the defendant simply states that the prior briefing filed in response to the Magistrate Court's Initial Report and Recommendations – which thoroughly

6

Gov't. Answer to Oct 4 Mot. to Supp.
<u>United States v. Basey</u>
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 6 of 12

addresses the issues raised in this motion - was "inadequate and untimely." Motion to Suppress at 9. This conclusory statement is insufficient to overcome "the practice of courts generally to refuse to reopen what has been decided[.]" Leslie Salt Co. v. United States, 55 F.3d 1388, 1393 (9th Cir. 1995). Furthermore, a review of the defendant's prior briefing shows this not to be the case.

Over the course of three and a half pages in his objections to the Initial Report and Recommendation, the defendant briefed the issue of the taint from the illegal search infecting his subsequent confession. C.R. 97 at 4-9. In these objections, the defendant cites to many of the same cases cited to in his current motion, including Brown v. Illinois, 422 U.S. 590, 602 (1975); Fahy v. Connecticut, 375 U.S. 85, 90 (1963); United States v. Davis, 332 F.3d 1163 (9th Cir. 2003); and United States v. Shetler, 665 F.3d 1150 (9th Cir. 2011). Both briefs also include identical quotes from La Fave on the implications of an illegal search on a subsequent confession. Compare C.R. 97 at 5 and C.R. 130 at 10 (citing to 6 Wayne R. La Fave, Search and Seizure: A Treatise on the Fourth Amendment, Section 11.4(c) (2013 5th ed.). At no point in his current brief does the defendant address how these previously-cited cases and treatise should be applied differently because of a "change in the law" or other "changed circumstances." Bible, 983 F. 2d at 155

In response to the defendant's objections to the admissibility of his statements, the Magistrate Court issued a detailed response. C.R. 110 at 64-65. In particular, the Magistrate Court found that "the evidence obtained in the illegal search was significantly less inculpatory than the evidence law enforcement had already gathered prior to the illegal search." Id. at 65. This fact distinguished this case from those relied upon by the defendant, in particular Shetler, in which the Ninth Circuit found that the record was devoid of evidence relating to inducement and attenuation. 965 F.3d at 1154-59. The District Court adopted the Magistrate Court's findings.

7

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 7 of 12

The Magistrate Court's ruling was correct, and was neither "clearly erroneous" nor a "manifest injustice." Bible, 983 F. 2d at 155. As both of the defendant's motions to suppress correctly state, an inculpatory statement induced by an illegal search should be suppressed. See Shetler, 665 F.3d at 1156-57 ("The exclusionary rule applies both to direct products of an illegal search—i.e., the physical evidence found during the search itself—and to indirect products of the illegal search—i.e., statements or physical evidence subsequently obtained in part as a result of the search—if they 'bear a sufficiently close relationship to the underlying illegality.' ") (quoting United States v. Ladum, 141 F.3d 1328, 1336-37 (9th Cir. 1998); see also Wong Sun v. United States, 371 U.S. 471, 485 (1963); United States v. Rodgers, 656 F.3d 1023, 1031 (9th Cir. 2011); United States v. Crawford, 372 F.3d 1048, 1054 (9th Cir. 2004) (en banc) ("It is well established that the Fourth Amendment's exclusionary rule applies to statements and evidence obtained as a product of illegal searches and seizures."). Factors to consider in determining whether such inducement exists include whether the statements were the product of the illegal searches, and, if they were, whether they were nevertheless so attenuated from the searches that suppression was not warranted. See New York v. Harris, 495 U.S. 14, 19 (1990); see also Brown v. Illinois, 422 U.S. 590, 598–99 (1975).

This was not a case where the defendant's confession was induced by the illegal search. The Magistrate Court correctly noted that the evidence obtained from the illegal search consisted of physical items, to include the defendant's computer and phone. C.R. 110 at 65 n. 202. However, at the time he was questioned about these items, law enforcement was unaware of what was contained within those devices. As such, there is little to no connection between any illegally seized items and the defendant's confession. See Ruiz v. Craven, 425 F. 2d 235 (9th Cir. 1970); compare with Crawford, 372 F.3d at 1058 (holding that

8

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 8 of 12

the "necessary connection" between the illegal search and the defendant's later confession was missing in part because the search "produced no evidence whatsoever").

Furthermore, there existed sufficient attenuation between the illegal search and the defendant's confessions. The defendant was confronted with a substantial volume of material that was lawfully seized prior to the search of his barracks room, including the posted Craigslist advertisements indicating a desire to engage in prostitution and sexual acts with a minor, and subpoenaed evidence linking him to those advertisements. C.R. 110 at 64-65. Given this fact, the Magistrate Court correctly concluded that any confrontation involving illegally seized evidence was *de minimis*. See United States v. Green, 523 F. 2d 968 (9th Cir. 1975).

In addition, as the record makes clear, the defendant was twice advised of his right to an attorney and to remain silent. A rights advisement does not purge the taint from an illegal search. See United States v. Washington, 387 F.3d 1060, 1075 (9th Cir. 2004). However, when combined with the non-confrontational nature of the interview in this case, it does demonstrate that any misconduct was neither purposeful or flagrant.

The defendant's motion amounts to nothing more than an attempt to relitigate an unfavorable prior ruling. Such an attempt at reconsideration of this clearly decided issue violates the doctrine of the law of the case and should be rejected. See United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) ("For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'") (alteration in original) (quoting Liberty Mutual Ins. Co. v. EEOC, 691 F. 2d 438, 441 (9th Cir. 1982)). The defendant's motion to suppress his statement should be denied.

//

//

9

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 9 of 12

b. The Search Warrant Affidavit Clearly Establishes Probable Cause to Search the Defendant's Computer and Cell Phone for Evidence of <u>Child Pornography and Child Enticement.</u>

Upon application of the law of the case doctrine, the remainder of the defendant's motion become moot. The defendant argues that suppression of his statement requires excision of that information from the search warrant affidavit, and that following excision, what remains is insufficient to establish probable cause. In the defendant's view, the remaining information is non-specific, C.R. 19; couched in supposition, <u>id.</u>; consists of boilerplate; <u>id.</u> at 20; and fails to amount to any evidence of either a child pornography crime or enticement of a minor, <u>id.</u> at 20-21.

For a search warrant to be valid, it must be supported by an affidavit establishing probable cause. Probable cause exists when "given all the circumstances set forth in the affidavit... there is a *fair probability* that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (emphasis added). The Ninth Circuit requires "only a reasonable nexus between the activities supporting probable cause and the locations to be searched." <u>United States v. Ocampo</u>, 937 F.3d 485, 490 (9th Cir. 1991). When reviewing for probable cause, the Court "is limited to the information and circumstances contained within the four corners of the underlying affidavit." <u>Stanert</u>, 762 F.2d at 778 (citing <u>United States v. Taylor</u>, 716 F.2d 701 (9th Cir. 1983)).

The determination of probable cause depends on the totality of the circumstances. <u>Gates</u>, 462 U.S. at 230-31. Finally, "because probable cause is a fluid concept not readily...reduced to a neat set of legal rules," search warrant affidavits should be reviewed in a "practical, common-sense" manner. <u>Gates</u>, 462 U.S. at 230-31, 236, 238; <u>United States v. Rodriguez</u>, 869 F.2d 479, 484 (1989).

10

Gov't. Answer to Oct 4 Mot. to Supp.
<u>United States v. Basey</u>
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 10 of 12

"[A]lthough in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, resolution of doubtful or marginal cases in this area should largely be determined by the preference to be accorded to warrants." Gates, 462 U.S. at 237 n. 10.

As explained above, excision of the defendant's statements is not proper in this case. Accordingly, the defendant's admissions that are detailed in his motion - including his posting of the Craigslist advertisements at issues, his possession of child pornography on his computer, his searching for and viewing of child pornography, his downloading and trading of child pornography, and his admission to having had sex with a 17-year-old victim and solicitation of her to produce images of child pornography – were rightfully included in the affidavit in support of the search warrant. These admissions along with the other information contained within the four-corners of the November search warrant affidavit create more than "a *fair probability*" that evidence of the crimes of possession of child pornography and enticement of a minor were likely to be found on the defendant's digital devices." Gates, 462 U.S. 213, 238 (emphasis added). There can be no doubt as to probable cause to search the defendant's computer and cell phone.

//
//
//
//
//
//
//
//
//
//

11

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO
Case 4:14-cr-00028-RRB Document 139 Filed 11/08/16 Page 11 of 12

## IV. CONCLUSION

The November search warrant authorizing the search of the defendant's computer and cell phone for evidence of child pornography should not be suppressed. The Court has previously correctly decided the admissibility of the defendant's statement to law enforcement was admissible. The law of the case doctrine precludes revisiting this issue. The resulting search warrant containing information from the defendant's statement clearly established probable cause to search for evidence of child pornography and online enticement. The defendant's motion must be denied.

Respectfully submitted this 8th day of November, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

By: *s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2016, a
true and correct copy of the foregoing was
served electronically on the following:

Rex Butler, Esq.

*s/ Kyle Reardon*
Office of the U.S. Attorney

12

Gov't. Answer to Oct 4 Mot. to Supp.
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 139   Filed 11/08/16   Page 12 of 12