IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KALEB L. BASEY,<br><br>　　　　　Defendant. | Case No. 4:14-cr-00028-RRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS**<br>**(Docket 130)** |

　　　　Before the Court at Docket 130 is Defendant, Kaleb Lee Basey, with a Motion to Suppress that has been fully briefed and which was the subject of an evidentiary hearing. The Magistrate Judge went to great lengths to consider and address the rather complex legal and factual issues raised in this matter, and has considered and reconsidered his conclusions while appropriately addressing the scrivener's errors that were made in this Court's previous Order at Docket 113.

　　　　The Court now has before it the Magistrate Judge's Report and Recommendation at Docket 160, wherein the Magistrate Judge thoroughly addressed all of the relevant issues raised by the parties. The Court also has reviewed the objections to this report filed by Defendant at Docket 164. After considering all of the above, and independently considering the issues raised, the Court hereby Accepts and Adopts the recommendation of the Magistrate Judge at Docket 160 in its entirety and, based thereon, **GRANTS** in part and **DENIES** in part the Motion to Suppress.

　　　　The Court specifically agrees with the Magistrate Judge that statements made after the word "Kaboom" be suppressed, but statements made before that are not suppressed. There is

no evidence to suggest that Defendant's computer was searched before these statements were made, nor is there evidence of undue influence by investigators in their initial contacts with Defendant. The fact that Defendant may have had a guilty conscience, in and of itself, does not justify suppression under these circumstances. Moreover, the Court agrees that the Craigslist advertisements, taken as a whole, would provide probable cause for issuance of the federal warrant for the electronic devices, especially in light of the titles used, the accompanying photograph of the young girl, and the opinion testimony of Agent Goeden.

Therefore, for the reasons clearly articulated by the Magistrate Judge, Defendant's renewed motion to suppress statements made at the U.S. Army Criminal Investigation Division office to Agent Shanahan made prior to Agent Shanahan stating ". . . all of a sudden Kaboom . . ." on January 18, 2015, at approximately 4:08 on the recording, is **DENIED**. The renewed motion to suppress statement made at the U.S. Army Criminal Investigation Division's office to Agent Shanahan made after Agent Shanahan stated ". . . all of a sudden Kaboom . . ." on January 18, 2015, at approximately 4:08 on the recoding, is **GRANTED**.

Defendant's renewed motion to suppress the evidence obtained from the search of his electronics, is **DENIED**.

Furthermore, regarding this Court's previous order at Docket 113, the term "Docket 67" on page 1 of the Order is replaced with the term "Docket 110" and the phrase "'he texted a prostitute' is suppressed" is replaced by the phrase "'he texted a prostitute' is not suppressed."

IT IS SO ORDERED this 31st day of May, 2017, at Anchorage, Alaska.

                                                */s/ Ralph R. Beistline*
                                                RALPH R. BEISTLINE
                                                Senior United States District Judge

*United States v. Basey*                                                                Case No. 4:14-cr-00028-RRB
Order Granting in Part and Denying in Part Defendant's Motion to Suppress (Docket 130)        Page 2
Case 4:14-cr-00028-RRB    Document 165   Filed 05/31/17   Page 2 of 2