Rex Lamont Butler
745 W. 4th Ave., Suite 300
Anchorage, Alaska, 99501
(907)272-1497
Attorney For Kaleb Lee Basey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,
Plaintiff,
v.
KALEB LEE BASEY,
Defendant.

Case No. 4:14-cr-00028-RRB-SAO

**PROPOSED ADDITIONAL MOTIONS**

Comes Now, Kaleb Basey, by and through his attorney, Rex Lamont Butler & Associates, Inc., and, pursuant to this Court's order, proposes that he be permitted to file additional motions. The proposed motions are described as follows:

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**1. Motion To Suppress Federal Warrant For Search Of The Two Devices Due To The Unreasonable Period Of Time The Devices Had Been Seized Before The Warrant Was Obtained**:

The devices were initially seized pursuant to an invalid warrant on January 18, 2014, by Army CID. On November 3, 2014, the Government applied for a search warrant to search

the devices. Between January 18, 2014, and November 3, 2014, the devices were in the custody of either the CID or the State of Alaska.

In United States v. Mitchell, 565 F.3d 1347 ( 11th Cir. 2009), federal agents visited the defendant's house, and while they were there the defendant stated that his computer "probably" contained child pornography. The agents seized the computer's hard drive without a warrant, and 21 days later they obtained a search warrant. The Eleventh Circuit found that, while the initial seizure was legal, an unreasonable amount of time had elapsed before the warrant was obtained and concluded that suppression should have been granted. The seizure interfered with the defendant's possessory interests in the computer. His possessory interest was not diminished by the fact that he had admitted that the computer contained child porn. The Court explained that this was the case because the computer likely contained other legal material, and because the defendant may have been mistaken or even lying about the child porn. Under the circumstances, the 21-day delay in obtaining a warrant was unreasonable. In the instant case, amost 10 months passed after the seizure and the application for the federal warrant.

This argument has not previously been made.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

**2. Motion To Suppress The Federal Warrant To Search The Two Devices Because It Relied On Information Illegally Obtained By Executing The Military Warrant:**

Search warrants must describe the places to be searched and the items to be seized with particulariy. The federal warrant described each of the two devices by identifying its location, make, model, and serial number. All of this information was the fruit of the illegal military warrant and therefore should be suppressed. That being the case, since the information was the poisoned fruit of an illegal warrant it can not be used to support the federal warrant. Redacting the illegally obtained information yields the conclusion that the

federal warrant does not satisfy the particularity requirement. It therefore is in violation of the Fourth Amendment. Furthermore, the presentation of illegally obtained evidence precludes an application of the good faith exception to the exclusionary rule. United States v. Vasey, 834 F.2d 782, 789 (9th Cir. 1987).

This argument was previously advanced by Basey. See Addendum To Motion To Suppress, at Page 2. It is believed that the Court has not addressed it.

**3. Motion To Suppress Yahoo Warrant:**

On November 20, 2014, this Court granted search warrant 3:14-mj-49, which commanded the seizure of specified Yahoo e-mail account records reflecting activity during specified periods of time. This warrant should be suppressed for the following reasons:

First, the warrant suffers from the same defects, and relies on the same suppressed statements, that invalidates the federal warrant for the search of the devices.

Second, the execution was unreasonable. Information in Yahoo accounts may be deleted by the owners of the accounts. On information and belief, Yahoo received a preservation letter in February, 2014. This made it impossible for the owners of the designated accounts, including Basey, to delete material from their accounts. A search warrant ordering the seizure of the contents of the designated accounts was issued approximately nine months later. This was an unreasonable amount of time to interfere with Basey's possessory right to his account. Thus, suppression is required.

Third, the Yahoo warrant is overbroad. As a result of a grand jury subpoena, the Government knew precisely when e-mail communications were sent and received regarding the CraigsList postings. Yet, authority was granted to search e-mail accounts over broad swaths of time. For instance, the warrant authorized the seizure of information contained in Basey's account for a period of nearly six months. Yet, for large portions of that period, there was no probable cause to believe that the account contained evidence of the violation of any

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

criminal statute. Thus, the authorized search went well beyond the underlying probable cause. To paraphrase Magistrate Judge Kevin McCoy in In Re Google E-Mail Accounts Identified In Attachment A, 92 F. Supp. 3rd 944 (District Of Alaska 2015) , the Government is only able to establish probable cause to believe that seizable material was present in the Yahoo account at limited, specified periods of time, and yet the warrant permitted the search of the account for activity during apprximately 6 months. Thus, the warrant is overbroad and in violation of the Fourth Amendment.

This argument has not previously been made.

4. **Motion to Dismiss the Federal Warrant Concerning the Two Devices Because Magistrate Was Misled:**

In Paragraph 36 of the supporting affidavit, the affiant states that, pursuant to a search warrant, GCI provided information identifying Kaleb Basey, located at 3442 Ile De France Room 310A, Ft. Wainwright, as the customer utilizing the IP address associated with one of the Craigslist postings. But, according to Basey, GCI provided screenshots of a DHCP log for the address and an information page associated with a MAC address for a cable modem that did not mention an IP address.[1] The information contained in Paragraph 36 reflected inferences made by the affiant. GCI did not state that Basey was utilizing the IP address at the time the Craigslist posting was made.[2] Such information must be redacted from the affidavit, and in its absence there is no link between Basey's room and the Craigslist posting.

This argument has not previously been made.

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)

[1]Not confirmed by counsel.

[2]Not confirmed by counsel.

DATED this 7th day of July, 2017, in Anchorage, Alaska.

/s/ Rex Lamont Butler
745 W. 4th Avenue, Suite 300
Anchorage, Alaska 99501
(907) 272-1497
(907) 276-3306 (fax)
rexbutlercalendar@gmail.com
ABN: 8310105

**Certificate Of Service**

I hereby certify on this 7th day of July, 2017, a true and accurate copy of this Proposed Additional Motions was served upon Assistant U.S. Attorney Andrea Whittier Hattan and Assistant United States Attorney Kyle Reardon *via* electronic filing.

/s Rex Lamont Butler

Rex Lamont Butler
and Associates, Inc.
745 W. 4th Ave.,
Suite 300
Anchorage, Alaska
99501

907-272-1497
907-276-3306 (f)