BRYAN SCHRODER
Acting United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) Case No. 4:14-cr-00028-RRB-SAO |
|---|---|
| Plaintiff, | ) |
| v. | ) **GOVERNMENT ANSWER TO** |
| | ) **DEFENDANT'S PROPOSED** |
| KALEB LEE BASEY, | ) **ADDITIONAL MOTIONS** |
| Defendant. | ) |

The government, by and through the undersigned counsel, hereby files this Answer to Defendant's Proposed Additional Motions. Docket 171. For the reasons stated herein, the United States submits that the defendant has not presented any issue requiring further litigation. Accordingly, the United States asks the Court to deny the motion to submit additional pretrial motions and to set this matter for trial at the earliest possible date.

I. <u>PROCEDURAL HISTORY</u>

On July 28, 2017, the defendant filed a motion to continue trial. Docket 166. In that motion, the defendant stated that he sought a continuance in order to

address "two additional [pretrial] issues." Id. at 1.  The United States objected to the defendant's motion, arguing that the vague reasons articulated by the defendant, combined with the 30-month delay since the defendant's indictment, were insufficient cause to grant the motion.  Docket 169.

The parties appeared before the Court on July 7, 2017.  Docket 170.  At that time, the Court ordered additional briefing from the defendant articulating in greater detail the issues he believed remained unresolved that required further motion practice, and required the requested continuance.  Id.  The Court ordered the United States to reply no later than July 14, 2017.  Id.  A hearing on the motion is set for July 20, 2017.  Id.

## II. FACTUAL SUMMARY

The Magistrate Judge's Final Report and Recommendations to the defendant's initial motions to suppress the search of his barracks room and his statement contains a full description of the facts of this case.  Docket 110.  A fuller recitation is contained in the Magistrate Judge's Final Report and Recommendations to the defendant's second motion to suppress his statement.  Docket 160.

## III. ARGUMENT

1. Introduction

The defendant cites four issues that he believes require additional briefing and therefore warrant a continuance of his trial.  These four issues involve objections to some aspect of the searches done in this case.  The defendant's claims are without merit, have previously been litigated, or are an inaccurate or

2

Gov't. Answer to Proposed Addt'l Mot.
United States v. Webb
3:16-cr-00135-TMB-DMS

incomplete description of the facts of this case. The Court should deny the defendant's motion for a further continuance in order to file additional motions to suppress.

2. <u>Analysis</u>

    a. <u>Issue One: There Was No Unreasonable Delay in the Search of the Defendant's Computer.</u>

The defendant claims that law enforcement unlawfully held his digital devices for nearly 11 months before searching them pursuant to a federal search warrant. The defendant goes on to claim that this issue has not yet been litigated. This claim is without merit.

The issue of the passage of time between the initial seizure by military authorities in January 2014 and the search by federal law enforcement in November 2014 was squarely addressed as part of the defendant's initial motion to suppress the search of his barracks room. In its opposition, the United States thoroughly briefed the issue of the "retention of the defendant's computer and cell phone." Docket 56 at 20-24. The United States noted that retention of the devices from the time of their seizure in January 2014 until their search in November 2014 was justified because of exigent circumstances and the absence of any possessory interest the defendant maintained in the contraband that he admitted was located on the devices. <u>Id.</u>

The Magistrate Court agreed with the United States' analysis. In its Initial Report and Recommendations, the Magistrate Judge stated clearly that "[t]he continued retention of the electronic devices seized from [the defendant's] room on

3

Gov't. Answer to Proposed Addt'l Mot.
United States v. Webb
3:16-cr-00135-TMB-DMS

January 18, 2014 was lawful[.]" Docket 91 at 43. The Magistrate Court reached this conclusion due to the fact that the defendant failed to seek return of those devices pursuant to Fed. R. Crim. P. 41 or any similar military or state law procedure. Id. at 45. Moreover, the Magistrate Court correctly noted that even if the defendant had sought return of the property, "it is well settled that a motion brought under FRCP 41(g) is properly denied when 'the property is contraband.'" Id. (citing United States v. Fitzen, 80 F.3d 387, 388 (9th Cir. 1996).)

The defendant specifically objected to this part of the Magistrate Judge's Report and Recommendations. Docket 97 at 2-3. Indeed, in making this objection, the defendant cites to the same 11th Circuit case that he cites to in his current briefing. Compare Id. with Docket 171 (both citing United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009).) The Court considered the defendant's objection and overruled it. The Magistrate Court specifically addressed the Mitchell factors raised by the defendant in his motion, and rejected them, finding that "the delay was reasonable because the computer was examined in a reasonable time, under the color of a warrant, then provided to federal authorities." Docket 110 at 63-64. Thus, the Court should not reopen this issue now for further briefing.

    b. Issue 2: The Federal Search Warrant Did Not Rely on Illegally Obtained Evidence.

The defendant argues that the November 2014 search warrant relied on illegally obtained evidence. Specifically, the defendant claims that absent the illegal search, law enforcement would not have known the "location, make, model, and serial number" of the devices. Def.'s Mot. at 2. Without such information, the

warrant fails to meet the particularity requirement.

The defendant notes that he raised this issue in prior litigation. Docket 138 at 2. Indeed, in his prior unsuccessful second motion to suppress, the defendant raised precisely the objection made in his current motion, that "knowledge of [the make, model, and serial number] was the product of the illegal search and can't be used to support the federal warrant." Id. He claims, however, that the Magistrate Court did not address this issue. This claim is in error.

The Court's denial of the defendant's second motion to suppress contained an implicit rejection of the defendant's particularity claims. There is no requirement that a Court specifically address each basis for suppression made by a defendant. Indeed, where a ruling reaches a conclusion that must necessarily accept or reject a party's premise, logic dictates that the Court has implicitly rendered an opinion about that claim. Such is the case here.

The defendant raised the issue of particularity in his second motion. Id. The Court considered the entirety of the parties' briefs and did not suppress evidence on the basis of particularity, or for any other reason. Therefore, the Court found no merit to the defendant's argument.

The Magistrate Court's dismissal of the defendant's particularity claim was proper. "Particularity is the requirement that the warrant must clearly state what is sought." United States v. Towne, 997 F.2d 537, 544 (9th Cir.1993) (internal quotation marks and citations omitted). However, particularity requires no magic language. Using a computer's make, model, and serial number can be just as valid as a general description of the item to be searched. All that is required is that the

warrant "be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." United States v. Spilotro, 800 F.2d 959, 963 (9th Cir.1986).

In this case, as the Magistrate Judge's multiple rulings have made clear, law enforcement was in valid possession of the defendant's computer at the time of the federal warrant. Information about a device's make, model, and serial number was not necessarily obtained from the search, but rather, by simply visually inspecting the items in law enforcement's possession.

Moreover, even if the Court were to excise the make, model, and serial number from the federal search warrant, there would still be no doubt as to the items to be searched and seized. The search warrant clearly describes the defendant's use of Craigslist to post advertisements soliciting minors for sexual acts, and IP address information linked to the defendant. Both of these facts necessarily involve computer equipment. Docket 45-4 and 139-1 at 27-33 (with statements made by the defendant excised pursuant to the Magistrate Judge's Final Report and Recommendation at Docket 160 and the Court's order at Docket 165) Accordingly, the search warrant also describes the seizure of the devices from the defendant's barracks room Id. at 31.

Law enforcement knew the devices to be searched. That the search warrant affidavit described these digital devices by their make, model, and serial number, is of no consequence. In no way can it be argued that law enforcement was somehow "engaging in [a] general, exploratory search[]" of the defendant's digital devices. United States v. McClintock, 748 F.2d 1278, 1282 (9th Cir. 1984).

c. Issue 3: The Defendant Fails to Cite any Lawful Basis Upon which to Suppress the Yahoo Search Warrant.

The defendant makes numerous claims about the search of his Yahoo email account, within which were located emails that the defendant attached images of child pornography too. In one of those emails, the defendant attached an image of the above referred child pornography, and stated that he liked to watch "young girls 5-15 [years old]" engaging in sodomy and bestiality. The defendant claims that the search of his Yahoo account was unsupported by probable cause, unreasonable, and overbroad. Each of these claims is without merit.

*i. The Defendant's Motion Is Untimely and Filed for the Purpose of Delay.*

The defendant has been aware of the Yahoo! search warrant since the initial discovery. At least two attorneys have reviewed the warrant, and through two rounds of motions to suppress, have declined to argue any motion as it related to the defendant's Yahoo! account. In spite of this fact, and without any apparent change in the law, the defendant has waited until the eve of trial to attempt to litigate the propriety of this search. It is apparent that the defendant's objections to the Yahoo! search warrant are nothing more than an attempt to delay the trial.

*ii. The Search of the Defendant's Yahoo! Account Was Supported by Probable Cause.*

The Yahoo! search warrant was supported by ample probable cause. The defendant argues that the search warrant is "invalidated by the same defects, and relied on the same suppressed statements, that invalidates the federal warrant for the search of the devices." Def.'s Mot. at 3. What this argument misses, however,

is that through two rounds of briefing, the federal warrant has survived, retaining sufficient probable cause to support the search of the seized digital devices. There is nothing unique about the defendant's Yahoo! account that would make the warrant used to search it any less sufficient.

When the excisions applied to the digital devices warrant are applied to the Yahoo! search warrant, there remains sufficient probable cause to warrant a search of the defendant's email account. See Govt. Ex. 1, Redacted Yahoo! Search Warrant. The warrant documents the defendant's initial Craigslist advertisements from January 16 and 17, 2014, seeking contact with a parent and their daughter. Id. at 15. The warrant also links the first of those advertisements to the defendant's Yahoo! account (swingguy23@Yahoo.com). Id. at 16.

The affidavit goes on to document six different advertisements posted from the swingguy23@Yahoo.com account between August 8, 2013, and January 15, 2014. Id. at 20-25. Law enforcement obtained these advertisements by virtue of an administrative subpoena. Id. at 20. In each of these advertisements, the defendant solicits juveniles to engage in sexual acts. Id. at 20-25. Out of the six advertisements, the defendant received five email responses to his solicitations from other Craigslist users. Id. On multiple instances, the defendant used his swingguy23@Yahoo.com account to reply to these responses. Id.

These facts clearly provide probable cause in support of the search of the defendant's Yahoo! account. Given the defendant's repeated solicitations of minors, and his multiple communications with others about those solicitations, common sense dictates that there is more than "a fair probability that contraband or

8

Gov't. Answer to Proposed Addt'l Mot.
United States v. Webb
3:16-cr-00135-TMB-DMS

evidence of crimes will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 236 (1983). The defendant's claim that the Yahoo! search warrant was lacking is without merit.

> iii. *There Was No Violation of the Stored Communications Act.*

The defendant also argues that the search of his Yahoo! account was unreasonable due to the delay between its preservation pursuant to a request filed by law enforcement in January 2014 under the authority of Stored Communications Ac (SCA), 18 U.S.C. § 2703(f), and the account's search in November 2014. However, this argument fails to understand the mechanics of preservation requests made under federal law.

The SCA requires electronic communications services like Yahoo! to "take all necessary steps to preserve records and other evidence in its possession pending the issuance of a court order or other process." 18 U.S.C. § 2703(f). Retention of such records can be accomplish through a preservation letter. Records indicate that such a letter was sent to Yahoo! by law enforcement in February 2014.

At no time prior to the search of his account was law enforcement in possession of any content from the defendant's Yahoo! account. Rather, that content was held by Yahoo!, and preserved by that private entity at the United States' request. It cannot be argued by virtue of the preservation letter that the United States was in possession of any material.

Furthermore, Yahoo! cannot be considered a government agent. This is necessarily so because the SCA requires a search warrant, court order, or consent of the account holder prior to disclosure of any contents preserved pursuant to a

preservation letter. Were Yahoo! a government actor, no such further order or consent would be needed.

In addition, preservation does not equal obstruction. The defendant offers nothing to support his argument that there was any interference with his possessory interest. Nonetheless, even if such denial of access occurred, it was not the result of any government action, but rather, by virtue of the defendant's violation of Yahoo!'s terms of service that prohibit use of the service to engage in illegal activity.

The United States is unable to locate any cases, reported or otherwise, that address the claim made by the defendant. This is remarkable given the fact that the SCA has been in existence since 1986, and speaks to the fundamental misunderstanding the defendant possesses about preservation letters and their operation. The service of a preservation letter to a private company is not a government seizure of evidence. Absent any seizure by the United States, there can be no 4th Amendment violation.[1]

    *iv. The Search Warrant Was Not Overbroad.*

The defendant complains that the Yahoo! search warrant was overbroad because it sought information for a period of six months, from August 1, 2013, through January 22, 2014. It is true that the United States sought information

---

[1] Congress authorized preservation of evidence. Congress also authorized civil remedies against private actors for any party aggrieved by a violation of the statute. See 18 U.S.C. § 2707. If the defendant has any objection to the preservation of records from his account, this is where his remedy lies.

going back to August 1, 2013. See Ex 1, Yahoo! Search Warrant, Attachment A. However, probable cause more than supports searching the account for evidence during this time period.

Search warrants must be limited in scope to the probable cause on which the warrant is based. See United States v. Towne, 997 F.2d 537 (9th Cir. 1994). Such limitations exist in this case as there is evidence that the defendant was engaged in communications through his swingguy23@Yahoo.com account as early as August 8, 2013. On that date, the defendant posted an advertisement on Craigslist offering "8inches for a little girl," and seeking sexual contact with someone "18 or under." Ex 1, Yahoo! Search Warrant at 21.

In response, the defendant received emails from at least nine individuals interested in this advertisement. Id. at 21-22. The defendant replied to three of the individuals that responded to his advertisement. Id. The defendant sent three emails from the swingguy23@Yahoo.com account to one of these individuals. Id. Given this information, seeking emails starting on August 1, 2013, is entirely consistent with the probable cause in this case.

  d. Issue 4: The Magistrate Was Not Misled as the GCI Subpoena Identified the Defendant as Person to whom the IP Address in Question Was Assigned.

The defendant claims that the federal warrant misled the Magistrate Court because it incorrectly identified the defendant as the person connected to the IP address through which the January 2014 Craiglist posting was sent. As with Issue 2, the defendant now only makes this claim, in spite of the fact that he has had the information in question for over two years. A motion to suppress based on this

claim is wholly unwarranted at this time.

The defendant's proposed motion is also without merit. The defendant argues that the search warrant affidavit improperly infers that he was the GCI customer that utilized the IP address connected to the January 16, 2017 Craigslist advertisement. However, no such inference is required as the information provided by GCI plainly links the defendant to the IP address in question.

GCI provided a page containing DHCP information. Govt. Ex. 2, GCI Search Warrant Return (identified by Bates number 000158). The information for the date and time of the January 16, 2016 Craigslist posting contains the Mac address 00:1d:d2:e5:b2:fd," as indicated below:

```
2014","65.74.101.215","65.74.100.1","e8:06:88:cd:6d:42","01:e8:06:88:cd:6d:42","Renewal",""
,"KalebBaseysPro","Successful","DHCP","20:00:00:05","00:1d:d2:e5:b2:fd","","0",""
```

This Mac address is repeated on the defendant's service page:



In addition, even if it were necessary to draw some sort of inference from the

information provided by GCI, it would not be unreasonable to conclude that the January 16, 2014 Craigslist posting came through the IP address assigned to the defendant. The search warrant sought particular information about an IP address and the person to whom it was assigned on a particular date and time. GCI returned account information for the defendant. Therefore, it was not improper to provide this information to the Magistrate Judge.

## IV. CONCLUSION

Two attorneys have represented the defendant and reviewed the evidence in this case. Through these attorneys, the defendant has filed multiple motions seeking to suppress evidence in this case. In spite of his motions, admissible evidence remains which implicates the defendant in both the attempted sexual exploitation of minors, and the trafficking of child pornography.

//
//
//
//
//
//
//
//
//
//

13     Gov't. Answer to Proposed Addt'l Mot.
United States v. Webb
3:16-cr-00135-TMB-DMS

It is apparent that the defendant is dissatisfied with the outcome of his motions to suppress. However, dissatisfaction is an insufficient basis upon which to grant a continuance. The defendant's motion for a continuance in order to permit additional briefing should be denied.

Respectfully submitted this 14th day of July, 2017, at Anchorage, Alaska.

BRYAN SCHRODER
Acting United States Attorney

By: *s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2017, a
true and correct copy of the foregoing was
served electronically on the following:

Rex Butler, Esq.

*s/ Kyle Reardon*
Office of the U.S. Attorney