BRYAN SCHRODER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kyle.reardon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KALEB LEE BASEY,<br><br>　　　　Defendant. | ) Case No. 4:14-cr-00028-RRB-SAO<br>)<br>) **GOVERNMENT'S REPLY TO**<br>) **DEFENDANT'S MOTIONS FOR**<br>) **LIMITED HYBRID**<br>) **REPRESENTATION, AND TO DISMISS**<br>) **FOR SIXTH AMENDMENT SPEEDY**<br>) **TRIAL VIOLATIONS OR TO**<br>) **SUPPRESS EVIDENCE**<br>)<br>) |

　　　　The United States, by and through the undersigned counsel, hereby files this Reply to Defendant's Motion for Limited Hybrid Representation, Docket 193, and Motion to Dismiss for Sixth Amendment Speedy Trial Violation or Motion to Suppress Evidence, Docket 194. For the reasons stated herein, the United States asks the Court to deny the defendant's Motion for Limited Hybrid Representation, and to conduct a hearing pursuant to <u>Faretta v. California</u>, 422 U.S. 806 (1975) on the defendant's motion. Only in the event the Court determines that hybrid representation is appropriate should the defendant be permitted to pursue his motions to dismiss and suppress.

If the Court permits hybrid representation and allows filing of the defendant's motions, they must be denied. There has been no Sixth Amendment violation of the defendant's right to a speedy trial. Furthermore, the defendant's motion to suppress based on a violation of the Posse Comitatus Act (PCA) is without merit, and wholly unsupported by the law and the facts.

## I. PROCEDURAL HISTORY

The Grand Jury indicted the defendant on December 16, 2014. Docket 2. The Magistrate Court arraigned the defendant on this indictment on December 19, 2014. Docket 10. On January 20, 2015, the defendant filed his first of eight motions to continue trial. Docket 24, 38, 72, 83, 87, 125, 148 and 166.[1] In each of these motions, the defendant cited his need to prepare for trial, and stated that the ends of justice served by granting the continuances outweighed his and the public's right to a speedy trial.

On April 21, 2015, the defendant filed two motions to suppress. Docket 44 and 49. The Magistrate Judge held a hearing on these motions to suppress on July 17 and 20, 2015. Docket 74 and 75. An Initial Report and Recommendation on these motions to suppress was filed on February 2, 2016. Docket 91 (hereinafter "Initial R&R"). After objections from the parties, and replies to those objections, the Magistrate Judge filed his Final Report and Recommendation on April 1, 2016. Docket 110 (hereinafter "Final R&R"). The District Court adopted the Final R&R

---

[1] In addition, the defendant did not oppose government motions for status and scheduling conferences that resulted in additional continuances of the trial. Docket 106, 143 and 157

on May 3, 2016. Docket 113.

On June 23, 2016, the defendant's original counsel sought to withdraw from the case. Docket 116. The District Court granted this motion on June 27, 2016. Docket 118. Present counsel filed his notice of appearance on June 2, 2016. Docket 120.

Without objection from the United States, the defendant filed a second motion to suppress on October 4, 2016. Docket 130. After a reply from the United States, the Magistrate Judge granted in part and denied in part the defendant's motion. Docket 160. The District Court adopted the defendant's decision. Docket 165.

On June 20, 2017, the defendant moved to continue trial seeking additional time to file a third round of motions to suppress. Docket 166. Following opposition from the United States, the Court denied the motion on July 18, 2017. Docket 169 and 170. In addition, the Court vacated the trial date of July 10, 2017. Docket 170.

In its denial, the Court sought additional briefing from the defendant as to the basis for his potential motion to suppress. Id. In response, the defendant filed a status report on July 7, 2017. Docket 171. The United States replied on July 14, 2017. Docket 172. The Court denied the defendant's motion for leave to file an additional motion to suppress. Docket 173.

The Court heard argument on the motion for leave to file a fourth motion to suppress on July 20, 2017. Docket 177. The Court once again denied the motion, and set a new trial date of October 13, 2017. Id. At the conclusion of the hearing,

the defendant stated that he wished to file an additional motion alleging a violation of the Speedy Trial Act. Id.

On August 28, 2017, the defendant filed a motion to dismiss on the basis of a Speedy Trial Act violation. Docket 178. The United States replied on September 15, 2017. Docket 182. The Magistrate Judge issued his Initial Report and Recommendation denying the defendant's motion on October 30, 2017. Docket 190. The defendant did not object to the Initial Report and Recommendation. The Final Report and Recommendation was filed on November 9, 2017, and the Court adopted it that same day, Dockets 190 and 191.

The defendant filed his instant motions on November 16, 2017. Dockets 193 and 194. The Court ordered a reply from the United States no later than November 21, 2017. Docket 195.

Trial is currently set to begin on December 11, 2017.

## II. FACTUAL SUMMARY

The Magistrate Judge's Final Report and Recommendations to the defendant's second motion to suppress his statement contains a full recitation of the facts of this case. Docket 160. Additional facts relevant to the United States' argument are detailed within the argument below.

## III. ARGUMENT

1. Introduction

The defendant seeks hybrid representation for the limited purpose of filing two motions. The first motion seeks dismissal of the Superseding Indictment based on a violation of the Sixth Amendment right to a speedy trial. In the event the

Court denies the motion to dismiss, the defendant's second motion seeks to suppress digital items seized from his barracks room and searched pursuant to a search warrant by the Federal Bureau of Investigation.

As it concerns the defendant's motion for hybrid representation, the United States asks the Court to conduct a full <u>Faretta</u> inquiry to determine that the defendant's waiver of his right to counsel is knowing and voluntary. Only after the Court has determined that the defendant has knowingly and voluntarily waived his right to counsel should the Court consider the acceptance and evaluation of the defendant's self-filed motions to dismiss and suppress.

Should the Court determine that the defendant has knowingly and voluntarily waived his right to counsel, it should next evaluate his substantive motions. As it concerns the defendant's motion to dismiss, the Court should deny the motion. The facts of this case, which include multiple continuances brought about by the defendant's repeated litigation, make it clear that there has been no constitutional violation of the defendant's right to a speedy trial.

As it concerns the defendant's motion to suppress, the Court should reject the motion. The motion is untimely as the issues raised in the defendant's brief have been known to him for over two years, during which time the defendant has filed multiple additional pleadings challenging the propriety of the searches in this case. Furthermore, should the Court consider the motion to suppress on the merits, it is apparent that there is no legal or factual basis upon which to grant the defendant relief. The motion to suppress is without merit, wholly unsupported by the facts and the relevant case law.

2. <u>Analysis</u>

   a. <u>The Record Is Insufficient to Permit Hybrid Representation</u>.

The defendant has a constitutional right guaranteed by the Sixth Amendment to the assistance of an attorney. This right ensures that a lawyer performs the "core functions" of representation. <u>United States v. Kimmel</u>, 672 F.32d 720 (9th Cir. 1982). Among the "core functions" of a lawyer are "making motions to protect [the defendant's] rights on appeal[.]" <u>United States v. Gerritsen</u>, 571 F.3d 1001, 1011 (9th Cir. 2009)

The rights regarding representation guaranteed by the Sixth Amendment are mutually exclusive: the right to have counsel, on one hand, and the right to refuse counsel and represent himself, on the other. <u>See</u> <u>United States v. Harris</u>, 683 F.2d 322, 324 (9th Cir.1982) ("[T]here is a narrow path to be carefully treaded between the <u>Faretta</u> right to refuse the assistance of counsel, and the assurance that the defendant's refusal of such services is made with full awareness of the risks of doing so."). Prior to permitting any form of self-representation, to include the limited hybrid representation the defendant seeks in this case, the Court should sufficiently question the defendant to ensure that his waiver of the right to counsel is "knowing and voluntary," and that he has been adequately informed of the "'dangers and disadvantages of self-representation.'" <u>Id.</u> (quoting <u>Faretta</u>, 422 U.S. at 835). The Ninth Circuit has not held that the District Court must apprise a defendant of the risks of self-representation. <u>See</u> <u>Kimmel</u>, 672 F.2d at 722. However, such a practice is preferable. <u>Id.</u> ("We prefer trial courts to simplify our review by explaining the risks of self-representation."). "When a defendant elects

to waive the right to be represented by trial counsel, '[w]arnings of the pitfalls of proceeding to trial without counsel ... must be rigorously conveyed.'" Gerritsen, 571 F.3d at 1007 (quoting Iowa v. Tovar, 541 U.S. 77, 89 (2004) (internal quotation marks and alterations omitted)).

The defendant's gives several reasons why he should be allowed to pursue his claims a mere three weeks before trial. However, at no time does the defendant identify that he is aware of the consequences of proceeding on this issue without an attorney. The record is devoid of any acknowledgement by the defendant that by proceeding alone on these issues he "will be given no special privileges," "that he is facing a trained, skilled prosecutor who is experienced in criminal law," and that he will be faced with the "dangers and disadvantages" of not knowing what motions to make and how to protect his rights on appeal. See United States v. Hayes, 231 F.3d 1132 (9th Cir. 2000) (noting that between 1978 and 2000, 15 cases in the Ninth Circuit had been set aside "because of the failure of district courts to explain sufficiently the dangers and disadvantages of self-representation").

On this record, the United States cannot concur that the defendant's motion for limited hybrid representation should be granted. Accordingly, the United States asks the Court to conduct a Faretta in order to complete the record on this issue.[2] Should the Court find that the defendant's waiver of his right to counsel is

---

[2] This hearing and a potential decision on the defendant's substantially motions should not unnecessarily delay the trial in this case. The Court has set a pretrial conference for December 1, 2017. Docket 192. At that pretrial conference, the Faretta hearing can be held. Should the Court determine the defendant has knowingly and voluntarily waived his right to counsel, the motion to dismiss and

knowing and voluntary, only then should the defendant's self-filed motions be evaluated and considered.

   b. <u>The Defendants Motions Should Be Denied.</u>

Assuming the Court permits the defendant's hybrid representation, it should reject his motions to dismiss and suppress. The 35-month delay in bringing this case to trial is primarily the product of the defendant's multiple motions to dismiss and continue. There has been no constitutional violation of the defendant's right to a speedy trial.

Furthermore, the defendant's motion to suppress is untimely, and unsupported by the law or the facts. The arguments made by the defendant have been available since at least November 2015. Given this fact, one can only conclude that contrary to his stated position, his last-minute, *pro se* filing is nothing more than a fourth quarter Hail Mary that he hopes will stay the conviction that will likely result from the overwhelming evidence in this case.

   *i. There Has Been No Violation of the Defendant's Right to a Speedy Trial.*

The Court has already rejected the defendant previously claim alleging a violation of the Speedy Trial Act. Docket 192. The Speedy Trial Act provides greater protection of the right to a speedy trial than the Sixth Amendment. As a result, the Ninth Circuit has recognized that "it will be an unusual case in which

---

suppress can heard immediately thereafter, or at the final pretrial conference currently set for December 8, 2017.

the time limits of the Speedy Trial Act have been met but the [S]ixth Amendment right to speedy trial has been violated." United States v. King, 483 F.3d 969 (9th Cir. 2007) (quoting United States v. Nance, 666 F.2d 353, 360 (9th Cir. 1982)); see also United States v. Baker, 63 F.3d 1478, 1497 (9th Cir.1995) ("Speedy Trial Act affords greater protection to a defendant's right to a speedy trial than is guaranteed by the Sixth Amendment, and therefore a trial which complies with the Act raises a strong presumption of compliance with the Constitution."). As with the Court's previous ruling that there has been no violation of the Speedy Trial Act, there has also been no violation of the defendant's Sixth Amendment right to a speedy trial.

In assessing a speedy trial claim based in the Sixth Amendment, the Court should analyze the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice resulting from the delay. Barker v. Wingo, 407 U.S. 514, 531-33 (1972). If the length of delay is long enough to be considered presumptively prejudicial, an inquiry into the other three factors is triggered. Id., at 530. Generally, a delay of more than one year is presumptively prejudicial. See United States v. Gregory, 322 F.3d 1157, 1161–62 (9th Cir. 2003). The reason for the delay, however, is the "focal inquiry." United States v. Sears, Roebuck & Co., 877 F.2d 734, 739-40 (9th Cir.1989). On every one of the above metrics, there has been no violation of the defendant's right to a speedy trial.

The length of the delay in this case since the defendant's indictment is 35 months. While significant, it falls well below the five-year delay found acceptable

9
Gov't. Opp. to Def.'s Mot. to Dismiss
United States v. Basey
4:14-cr-00028-RRB-SAO
Case 4:14-cr-00028-RRB   Document 197   Filed 11/21/17   Page 9 of 20

in Barker, 407 U.S. at 536. Moreover, the reason for the delay has been in large measure the defendant's multiple motions to suppress, motions for leave to file, and motions to dismiss. In order to litigate these motions, the defendant has filed or not opposed at least eight separate continuances in the trial date. See Docket 24, 38, 72, 85 and 106. See United States v. Shetty, 130 F.3d 1324, 1331 (9th Cir. 1997) (reversal of dismissal on speedy trial grounds where defendant stipulated to continuances). On multiple occasions, the Court addressed the defendant personally to ensure that he was willing to allow for continued delay. See e.g. Docket 89; see also United States v. King, 483 F.3d 969, 976 (9th Cir. 2007) ("The district judge even sat down with King and explained the right to a speedy trial to him, after which King agreed to continuances.") And while the defendant has recently asserted his right to trial, this assertion has come late in process, and been met by the United States attempts to accommodate his request. Docket 189; see also United States v. Drake, 543 F.3d 1080 (9th Cir. 2008) (finding no violation where the defendant asserted his right to trial three times, but expressly waived his right on four other occasions).

Finally, the defendant can claim no prejudice from the delay. The delay since indictment has not led to the spoliation of evidence. The bulk of the evidence in this case is digital. This digital evidence has remained available and uncorrupted since its seizure. The passage of time has done nothing to prevent the defendant from defending himself at trial.

//

//

10

Gov't. Opp. to Def.'s Mot. to Dismiss
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 197   Filed 11/21/17   Page 10 of 20

*ii. The Defendant's Motion to Suppress Should Be Rejected.*

As detailed below, there is nothing new in the defendant's briefing that should permit him to raise new claims at this late hour. As the facts in the defendant's motion make clear, the filing of this motion to suppress is undertaken for no reason other than to present baseless legal claims unsupported by fact in a desperate attempt to avoid the overwhelming evidence of guilt. It should be rejected as such.

Federal Rule of Criminal Procedure 12 permits the filing of motions to suppress "at any time before trial," subject to deadlines imposed by the Court. The Court previously rejected the defendant's meritless attempt to file a third motion to suppress. Docket 173. There is nothing novel or of sufficient merit to permit the defendant's latest attempt to file a motion to suppress.

1. The Factual Issues Raised by the Defendant Have Been Available for His Counsel to Present Since at least 2016.

The defendant argues that critical evidence was withheld from him, and that therefore his ability to file his motion to suppress was impeded. One set of information about which the defendant complains was provided to him on July 14, 2015, more than two years ago. See Def.'s Mot. for Hybrid Rep. at 3-4. The defendant also complains about Yahoo records from his email account that he believes were not turned over until March 2016. Def.'s Mot for Hybrid Rep. at 4.

The defendant has had ample opportunity to address the issues about which he now complains. Since the United States provided the above items, the defendant has had multiple opportunities to litigate any issues to which they

relate. As it concerns the material provided in July 2015, the defendant had an opportunity to address this material or seek to supplement the record at his motion to suppress on July 17, 2015, Docket 74-75; in his objections to the Magistrate Judge's Report and Recommendations on March 1, 2016, Docket 97; and in his reply to the United States' objections to that Report and Recommendations on March 8, 2016; Docket 99.

When the District Court adopted the Magistrate Judge's Final Report and Recommendation on May 3, 2016, and after receiving the Yahoo information, the defendant made no objection. Docket 113. Since receiving the Yahoo information in March 2016, the defendant has moved without objection from the United States to reopen motions practice, and filed a motion to suppress raising new arguments not previously litigated. Docket 130. In this second motion to suppress, the defendant did not raise any argument alleging the PCA violation he now seeks to file.

The District Court granted in part and denied in part the defendant's second motion to suppress. Docket 165. Not willing to accept his partial victory in this motion, the defendant sought leave to file a third motion to suppress alleging four new grounds for suppression. Docket 166 and 170. None of these grounds addressed the PCA claim the defendant now makes.

Even if the disclosures were untimely, there is nothing in the defendant's motion that indicates he was prejudiced in any way. The defendant has filed multiple motions to suppress since March 2016 and at no time has invoked any of the allegedly withheld evidence as a basis for suppression. In short, nothing that

12	Gov't. Opp. to Def.'s Mot. to Dismiss
United States v. Basey
4:14-cr-00028-RRB-SAO
Case 4:14-cr-00028-RRB   Document 197   Filed 11/21/17   Page 12 of 20

the United States' allegedly withheld has at all been relevant to any suppression issue brought by the defendant since his original motion.

This statement remains true in the current motion to suppress. The defendant's motion continues to argue about the search of his computer, alleging that the military violated the law by allowing civilian law enforcement to search forensically the device. As explained below, this argument is legally incorrect. In addition, the argument relies entirely on facts known or available to the defendant for almost three years.

The defendant argues that the military exceeded the scope of its authority under the PCA by enlisting the assistance of civilian law enforcement to search his computer. To support this argument, he relies on the military warrant at issue, as well as statements from various law enforcement reports as detailed below:

| Evidence | Bates | Citation in Def.'s Mot. to Supp. |
|---|---|---|
| Military Search Warrant | None[3] | Page 10 and 14 |
| Information from Craigslist | 459-549 | Page 14 |
| Bank Account Information | 398-447 | Page 14 |
| Hotel Records from Fairbanks | None[4] | Page 14 |
| CID Yahoo Search Warrant | 190-192 | Page 15 |
| FBI Search Warrant | 556-558 | Page 15 |

The United States provided all of these items to defendant's counsel on

---

[3] The defendant's motion fails to provide a citation for these records. The government's discovery log shows that they are marked Bates 183-188.

[4] See *supra* at Bates 456-458.

December 30, 2014.  See Govt. Ex. A.  The defendant is simply incorrect when he argues that the United States has "purposely [withheld] discovery," made the "tactical" decision to withhold evidence, and "play[ed] unfairly."  Def.'s Mot. to Supp. at 7.  The defendant has had the materials he needed to file his motion to suppress for nearly three years.  He has utterly failed to show any good cause for filing his motion at this late hour.

>  2. The Legal Issues Raised by the Defendant Have Been Available for His Counsel to Present Since at least 2015.

The defendant has had the facts necessary to argue his motion to suppress based upon a violation of the PCA since at least July 2015.[5]  The principal cases upon which he relied in support of his motion, United States v. Dreyer, 804 F.3d 1266 (9th Cir. 2015), and United States v. Krueger, 809 F.3d 1109 (10th Cir. 2015), have been available since November 4, 2015, and November 10, 2015, respectively.  In spite of this fact, the defendant is only now making his motion to suppress.  Def.'s Mot. for Hybrid Rep. at 2.

As noted above, after November 2015, the defendant had multiple opportunities to seek leave to supplement the record in his original motion to suppress, or to raise the issues addressed in Dreyer and Krueger in his second

---

[5] The defendant asserts that he became aware that Alaska State Troopers were the lead agency in the investigation after he received investigator notes in July 2015. However, this fact is readily apparent in the discovery provided on December 30, 2014.  The original lead in this case was sent to AST, AST contacted the military after learning the defendant was a service member stationed at Ft. Wainwright, and AST continued to investigate after notifying military investigators.

14

Gov't. Opp. to Def.'s Mot. to Dismiss
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 197   Filed 11/21/17   Page 14 of 20

motion to suppress, and third motion for leave to file. In none of these instances did the defendant cite to either published opinion. This is most likely because defendant's experienced counsel, the authors of his motions to suppress and motion for leave to file, recognized that neither <u>Dreyer</u> nor <u>Krueger</u> had any applicability or relevance to the facts of this case.

In his motion, the defendant provide no facts that make these two-year-old decisions newly applicable to his case. He provides no indication that there has been a jurisprudential shift in the legal analysis of these case that make them relevant to his prosecution. He provides no reason for his prior counsel's failure to raise these issues. In short, the defendant provides no reason why the Court should permit the filing of an additional motion to suppress based on law and facts long known to him, when leave to file such a motion was denied only four months ago. Docket 173.

### iii. *The Defendant's Motion to Suppress Should Be Denied.*

In the event the Court considers the merits of the defendant's motion to suppress, it should deny that motion. The defendant asserts in his motion that the United States has violated the Posse Comitatus Act (PCA) through the enlistment of military personnel in a civilian law enforcement operation. As a result of this violation, the defendant argues that the FBI search of his computers was the fruit of the poisonous tree and should therefore be suppressed. This argument fundamentally misunderstands the law and should be rejected.

//

//

### 1. The Defendant Fundamentally Misinterprets <u>Dreyer</u> and <u>Krueger</u>.

The defendant primarily relies on <u>Dreyer</u> and <u>Krueger</u> to support his assertions of a violation in this case of sufficient severity to warrant suppression. In <u>Dreyer</u>, the Ninth Circuit addressed the application of the PCA to military law enforcement investigations that ultimately identify civilian law breakers. 804 F.3d at 1266. In that case, an undercover Naval Criminal Investigative Service (NCIS) agent identified a civilian user of an online file-sharing network who was distributing images of child pornography. <u>Id.</u> at 1270-71. The agent then provided this information to the Department of Homeland Security (DHS), a civilian law enforcement agency who ultimately searched the civilian defendant's home, finding 21 videos and 1,300 images of child pornography. <u>Id.</u> at 1271. Based on this evidence, the United States convicted the defendant of both distribution and possession of child pornography. <u>Id.</u>

The Ninth Circuit held that the military investigation violated Department of Defense regulations prohibiting the Navy from "involvement in civilian law enforcement." <u>Id.</u> at 1274. These "PCA-like" regulations brought the Navy within the express prohibitions against the use of the Army and Air Force for civilian law enforcement purposes that the PCA expressly prohibited. <u>Id.</u> at 1272-73. The Ninth Circuit found that the law enforcement's investigation into civilians distributing child pornography through file-sharing networks was "widespread," and "likely resulted from institutional confusion about the scope and contours of the PCA and PCA-like restrictions." <u>Id.</u> at 1276. However, suppression was not

warranted because it was not necessary to deter future violations. Id. at 1281.

Dreyer has nothing to do with the defendant. In this case, military personnel investigated a military service member for criminal violations occurring on a military base. In no way was this the participation of Army personnel in the investigation of civilians that is prohibited under the PCA. See United States v. Chon, 210 F.3d 990 (9th Cir. 2000).

The PCA is based upon the country's "traditional insistence on limitations on military operations in peacetime." Laird v. Tatum, 408 U.S. 1, 15 (1972). This limitation is rooted in a "traditional and strong resistance of Americans to any military intrusion into civilian affairs." Id. The mere fact that this case started with civilian investigators assigned to the Alaskan State Troopers who worked with the military counterparts to investigate the defendant, and that the military enlisted the use of civilian forensic investigators in order to assist in the investigation is not a PCA violation. Simply put, the PCA prohibits the use of the military to investigate civilians. That did not, and has not, occurred in this case.

Nor has the defendant's prosecution run afoul of the non-precedential holding in United States v. Krueger, 809 F.3d at 1109. In that case, the 10th Circuit invalidated the search of computers located in Oklahoma authorized by a Kansas Magistrate. In its holding, the Circuit Court found that the Rule 41(b) violation sufficiently prejudiced the defendant and that suppression for this non-constitutional violation was therefore warranted. Id. at 1117.

As with Dreyer, Krueger has no bearing on the defendant's case. The original authorization to search and seize the defendant's computer came from a

17 Gov't. Opp. to Def.'s Mot. to Dismiss
United States v. Basey
4:14-cr-00028-RRB-SAO
Case 4:14-cr-00028-RRB   Document 197   Filed 11/21/17   Page 17 of 20

military magistrate in accordance with established procedure under the Uniform Code of Military Justice. Contrary to the defendant's assertions, and consistent with <u>Krueger</u>, that warrant was properly executed by military officials in the defendant's barracks room.

It is of no import that the devices seized by military officials pursuant to the military warrant were later analyzed by civilian investigators. <u>Krueger</u> analyzed the technical application of Federal Rule of Criminal Procedure 41 to a physical location to be searched. <u>Id.</u> It did not place any limitations on how a properly issued warrant may be executed, nor do any such limitations exist in the Ninth Circuit. <u>See</u> <u>United States v. Comprehensive Drug Testing, Inc.</u>, 621 F.3d 1162 (9th Cir. 2010) (moving to the concurring opinion the search protocols dictated by <u>United States v. Comprehensive Drug Testing, Inc.</u>, 513 F.3d 1085 (9th Cir. 2008)).

The rule contemplated by the defendant would call into question any assistance provided by federal civilian law enforcement to its military or state counterparts investigators. This would limit the ability of the Drug Enforcement Administration (DEA) to test drugs seized by the military, or the Bureau of Alcohol, Tobacco, and Firearms (ATF) to run trace reports detailing the interstate nexus of seized firearms illegally possessed by civilians and seized by local police. Such assistance is clearly not prohibited under the law.

//
//
//
//

18

Gov't. Opp. to Def.'s Mot. to Dismiss
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 197   Filed 11/21/17   Page 18 of 20

## 2. The Defendant's Suppression Claim Must Fail.

The defendant seeks to suppress all evidence that is the fruit of the alleged PCA violation. Def.'s Mot. to Supp. at 1, 14. The defendant bases his claim on the false assertion that the military was acting at the behest of civilian law enforcement in executing its search of the defendant's barracks. Id. at 10. By delivering the seized devices to civilian law enforcement for forensic review, the defendant asserts that the military both violated the PCA and exceeded the permissible scope of the military magistrate's search authorization. Id. at 11-12.

As detailed above, the use of civilian forensic examiners to assist military personnel in the execution of a military search warrant authorizing the seizure and search of digital evidence located in a service member's barracks room is not a violation of the PCA. Given that fact, the defendant's assertion in his motion that the evidence seized by the FBI was "the fruit of the PCA violation," must necessarily fail. Id. at 14.[6]

//
//
//
//
//
//

---

[6] Furthermore, as there is no violation in this case, there is no need to examine the good faith exception or independent source doctrine. Def.'s Mot. to Supp. at 16-19.

19    Gov't. Opp. to Def.'s Mot. to Dismiss
United States v. Basey
4:14-cr-00028-RRB-SAO
Case 4:14-cr-00028-RRB   Document 197   Filed 11/21/17   Page 19 of 20

## IV. CONCLUSION

It is telling that the neither of the defendant's prior counsel have filed any motions based on either a Sixth Amendment violation or a violation of the PCA. It is most likely because both counsel correctly analyzed the various issues surrounding these claims and concluded that they were meritless. The Court should do likewise.

Respectfully submitted this 21st day of November, 2017, at Anchorage, Alaska.

BRYAN SCHRODER<br>
United States Attorney

By: *s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2017, a
true and correct copy of the foregoing was
served electronically on the following:

Rex Butler, Esq.

*s/ Kyle Reardon*
Office of the U.S. Attorney