BRYAN SCHRODER
United States Attorney

KYLE REARDON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail:kyle.reardon@usdoj.gov
          anne.veldhuis@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:14-cr-00071-RRB-SAO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S TRIAL BRIEF** |
| | ) | |
| KALEB L. BASEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the undersigned counsel, and hereby submits this Trial Brief.

## I.     STATUS OF THE CASE

United States District Judge Ralph R. Beistline will hear the jury trial in United States v. Kaleb L. Basey beginning on Monday, December 11, 2017, at 9:00 a.m., in Anchorage, Alaska; the parties are to appear at 8:30 a.m.   The United States presentation of evidence is expected to last up to two days.

A Final Pretrial and Jury Instruction Conference is scheduled for December 8, 2017, at 9:30 a.m.

## II.  FACTUAL BACKGROUND[1]

<u>The Craigslist Advertisements</u>

On January 16, 2014, a report was made to the Alaska State Troopers (AST) about a Craigslist advertisement that appeared to seek an adult and child for sexual relations.   The advertisement was titled "daughter share – m4w (fairbanks)," and said the following:

> any dads or moms want to share a daughter with me for the night? just gauging interest, must have a daughter, respond with torchat id if you got one, fit, attractive, kinky, hung male here.

A photograph was included with the advertisement.   The photograph showed a young female was lying on a couch wearing jeans and a cropped top that exposed her navel.

Pursuant to a search warrant, AST obtained from Craigslist subscriber information relevant to the posting.   This information included the defendant's Yahoo email address, his phone number, and the Internet Protocol (IP) address through which the advertisement was posted.   As it concerned the IP address, AST was able to tie this address through a publically-available database to General Communications, Inc. (GCI).   Alaska State Troopers served a search warrant on

---

1 The following is a brief summary of the facts of this case.   It is not intended to describe all of the evidence the United States may offer at trial.

GCI for information related to the source of the ad and identified an account assigned to the defendant at his barracks room on Fort Wainwright, Alaska.

After learning that the advertisement was possibly posted by a military member on Fort Wainwright, AST contacted Special Agents with the Army Criminal Investigative Division (CID). Fort Wainwright CID conducted additional investigation to confirm the defendant's presence on Fort Wainwright.

On January 17, 2014, a second Craigslist advertisement was posted that included a photo appearing to show the same female that had been pictured in the January 16, 2014 advertisement. Accompanying the young woman in the photograph was an adult female who had her hand down the front of the younger woman's pants. The advertisement was also posted in the "casual encounters" section and read, "im a good looking guy looking for a mom who has a young daughter shed like to share with me for taboo fun. Its a lot warmer here in int Alaska today."

Law enforcement attempted to make contact with the author of the January 17, 2014 advertisement. This attempt was unsuccessful because the ad had been deleted before AST could mount an undercover operation. At the same time, CID agents traveled to the defendant's barracks room to determine if any of the wireless signals emitting from that area were unsecured. Three secured wifi signals were located; there were no unsecured signals identified.

//

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 201   Filed 12/04/17   Page 3 of 22

<u>The Search of the Defendant's Barracks Room</u>

On or about 2200 hours on January 17, 2014, CID Special Agent (SA) Sean Shanahan presented the above facts to a Military Magistrate and sought a search warrant. In support of his application for a search warrant, SA Shanahan told the Military Magistrate about the initial Craigslist ad posted on January 16, 2014, including a verbatim recitation of the contents of the posting. He then went on to describe that the originating IP address for the Craigslist ad belonged to GCI, and had been assigned to the defendant's barracks room. The affidavit went on to state that CID had confirmed that the phone number reported to the military by the defendant matched the phone numbers linked to the ad by Craigslist and on file with GCI. The affidavit then described the second Craigslist ad posted on January 17, 2014, noting that it contained "similar information" as the ad posted a day earlier, including an image of what appeared to be the same female that had been included in the January 16, 2014 posting, and a request for a "Casual Encounter" with a mother and her young daughter. The Military Magistrate authorized a search of the defendant's barracks room and the seizure of items relating to child pornography, including "any and all digital devices."

Law enforcement executed this search a short time later. During the search, law enforcement seized multiple items, including the defendant's MacPro computer and his iPhone 4S cell phone.

//

Govt.'s Trial Brief
<u>United States v. Basey</u>
4:14-cr-00028-RRB-SAO

<u>The Federal Investigation</u>

The seized digital evidence was ultimately provided to the FBI for forensic analysis. During this review, law enforcement located text communications between the defendant and individuals who appeared to be minor females. In these messages, the defendant propositioned the minor females to commit sexual acts, including production of child pornography. Also located on the digital devices were images and videos of child pornography.

In addition to forensically reviewing the seized digital evidence, the FBI sent subpoenas to Craigslist seeking additional information about any postings made by the defendant. In response, Craigslist sent records detailing multiple postings made under the defendant's account, including at least 10 postings in which the defendant appeared to seek access to minors for sexual purposes. Also provided by Craigslist were email addresses for any individuals who responded to the defendant's advertisements.

Of note, on December 23, 2013, the defendant posted through his Yahoo email address a solicitation in the Craigslist Fairbanks Casual Encounters page the following:

> I have some kinky porn that not every girl will like. must have an open and kinky mind. prefer to chat and get to know you in person before we fuck and watch said kinky porn so I know you won't freak out. I'm good looking, fit, and have a nice sized cock

Based upon this information, the FBI received a search warrant for the

Govt.'s Trial Brief
<u>United States v. Basey</u>
4:14-cr-00028-RRB-SAO

defendant's email account seeking access to communications between him and any of the individuals who responded to the 10 postings that appeared to solicit minors. In response to the defendant's December 23, 2013, posting, the user "Esther Crabb" emailed the defendant and wrote:

> Hey! I just saw your post and thought I'd reply. I have an open mind and love sex and trying new things. I'm 18, athletic black and attractive. Here's a picture so you know I'm real. Oh and it earmed up to like -31 lol.

The defendant replied, "would you be into watching some of this," and attached a photograph of two minor children with their mouths on either side of the penis of an adult. After a query from Ms. Crabb, the defendant wrote,

> sorry, i sent a picture of what I like. you musn't have seen it. basically i like young girls 5-15yo taking big cocks. I also like to watch girls taking dog cocks. I'd love to fuck you bareback while we watch some of these naughty movies.

After exchanging several more emails, and in an attempt to establish his bona fides with Ms. Crabb, the defendant attached two pictures of himself to an email. The first picture shows the defendant fully nude from his head to knee. The second picture is a close up image of the defendant's penis.

In another email dated October 22, 2013, the defendant sent an image of child pornography to himself at his Yahoo account. In this image, a small child is shown with her mouth on an erect adult penis.

## III.    PROCEDURAL HISTORY

The Grand Jury indicted the defendant on December 16, 2014. Docket 2.

The Magistrate Court arraigned the defendant on this indictment on December 19,

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

2014.   Docket 10.   On March 17, 2016, the Grand Jury returned a superseding indictment.   Docket 101.   No fewer than eight motions to continue were filed in this case.   Docket 24, 38, 72, 83, 87, 125, 148 and 166.   Trial is currently set to begin on December 11, 2017.

## IV.    THE CHARGES AGAINST THE DEFENDANT

### A.  The Elements of the Offenses Alleged

Counts One through Three charges the defendant with attempted coercion and enticement of a minor.   The elements of this crime are as follows:

1.  Between the dates alleged in each count, the defendant knowingly attempted to persuade, induce, entice, or coerce an individual to engage in sexual activity;

2.  Had the sexual activity had occurred, the defendant could have been charged with a criminal offense, specifically, Sexual Abuse of a Minor in the Third Degree, in violation of Alaska Statute 11.41.438(a) (Count One), or Production of Child Pornography, in violation of Title 18, United State Code, Section 2251(a) (Counts Two and Three);

3.  The defendant believed the person he attempted to persuade, induce, entice, or coerce had not attained 18 years of age;

4.  The defendant used a means and facility of interstate commerce; and

5.  The defendant did something that was a substantial step toward completion of the offense.

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

Counts Four, Five, and Six charge the defendant with receipt, transportation, and distribution of child pornography. The elements of Counts Four, Five and Six are as follows:

1. On or about the dates alleged, the defendant knowingly received or transported a visual depiction using a means and facility of interstate and foreign commerce;

2. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3. The visual depiction was of a minor engaged in sexually explicit conduct;

4. The defendant knew that such visual depiction was of sexually explicit conduct; and

5. The defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

### B. Definitions

Many of the terms contained within the charges are statutorily defined. Those definitions are as follows:

1. <u>Minor</u>

A minor is a person younger than eighteen years old. <u>See</u> 18 U.S.C. § 2256(1).

2. <u>Sexually Explicit Conduct</u>

Sexually explicit conduct is actual or simulated sexual intercourse, including

Govt.'s Trial Brief
<u>United States v. Basey</u>
4:14-cr-00028-RRB-SAO

genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.   See 18 U.S.C. § 2256(2).

### 3. Sadistic Abuse

Sadistic abuse is sexual conduct that involves pain to the minor child involved.   Sadism involves a form of satisfaction, commonly sexual, derived from inflicting harm on another.   United States v. Rearden, 349 F.3d 608, 615 (9th Cir. 2003).   The Ninth Circuit has ruled that courts may infer that a prepubescent child experienced pain when he or she was penetrated by an adult man.   Id. at 615-16; United States v. Holt, 510 F.3d 1007, 1011-12 (9th Cir. 2007).   Other courts have ruled that courts may infer that a child experienced pain when he or she was bound. United States v. Tucker, 136 F.3d 763, 764 (11th Cir. 1998); United States v. Kimbrough, 69 F.3d 723, 734 (5th Cir. 1995), cert.denied, 517 U.S. 1157 (1996).

### 4. Lascivious Exhibition of the Genitals or Pubic Area

In determining whether a depiction includes lascivious exhibition of the genitals or pubic area, the trier of fact may consider the following non-exclusive factors:

     a.   whether the focal point of the depiction is the child's genitals or pubic area;

     b.   whether the setting of the depiction is sexually suggestive, for

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

instance, the setting is in a place or pose generally associated with sexual activity;

c.  whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child;

d.  whether the child is fully clothed, partially clothed, or nude;

e.  whether the depiction suggests sexual coyness or a willingness to engage in sexual activity; or

f.  whether the depiction is intended or designed to elicit a sexual response from the viewer.

See United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986); aff'd sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir. 1987); United States v. Overton, 567 F.3d 1148 (9th Cir. 2009); amended and affirmed, 573 F.3d 679 (9th Cir. 2009).

Whether a depiction is lewd or lascivious should be viewed from the perspective of the photographer or viewer, not from the perspective of the minor being photographed.   "Applied to the conduct of children, lasciviousness is not a characteristic of the child photographed, but of the exhibition which the photographer sets up for an audience that consists of himself and likeminded pedophiles."   Wiegand, 812 F.2d at 1244; see also United States v. Banks, 556 F.3d 967, 979 (9th Cir. 2009).   An exhibition of the genitals or pubic area may encompass a visual depiction of a child's genital or pubic area even where those areas are covered.   Id.; see also Dost, 636 F. Supp. at 828.

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

5.  <u>Visual Depiction</u>

Visual depictions include data stored on computer disk or by an electronic means that is capable of conversion into a visual image.   <u>See</u> <u>United States v. Lacy</u>, 119 F.3d 742, 750 (9th Cir. 1997).

## C.  Interstate or Foreign Commerce

Each of the charged counts contains an interstate commerce element.   Each count alleges that the defendant used a "means and facility" of interstate and foreign commerce.   Cellular communications through a telephone and the internet are means and facilities of interstate and foreign commerce. <u>See</u> <u>United States v. Nader</u>, 542 F.3d 713, 719 (9th Cir. 2008) (holding that the telephone was a facility of interstate commerce); <u>see also</u> <u>United States v. Sutcliffe</u>, 505 F.3d 944, 953 (9th Cir. 2007) (holding that "as both the means to engage in commerce and the method by which transactions occur, the Internet is an instrumentality and channel of interstate commerce.")

Counts Four and Five contain additional jurisdictional hooks.   For these counts, the interstate commerce element can be satisfied in one of several ways, including showing that the pornographic images traveled in interstate commerce or that materials used to receive or possess the images moved through interstate commerce.   <u>See</u> <u>United States v. Lynn</u>, 636 F.3d 1127, 1136 (9th Cir. 2011). Movement through interstate commerce can be accomplished by any means, including by computer.   18 U.S.C. § 2252(a)(2).

Govt.'s Trial Brief
<u>United States v. Basey</u>
4:14-cr-00028-RRB-SAO

### D. Mens Rea - Knowledge

Each of the counts contained in the Indictment incorporates a knowledge requirement. The government must prove that the defendant knowingly attempted to coerce and entice a minor; and knowingly received, transported, and distributed visual depictions of minors engaged in sexually explicit conduct, and that the defendant knew that minors were involved in creating these images. See Ninth Circuit Model Criminal Jury Instructions §§ 8.184, 8.185[2]; see also United States v. X-Citement Video, Inc., 513 U.S. 64, 78 (1994).

The Ninth Circuit Manual of Model Criminal Jury Instructions provides additional guidance on what is required for a showing of knowledge:

> An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

See Ninth Circuit Model Criminal Jury Instructions § 5.6.

### V. GOVERNMENT'S CASE-IN-CHIEF

The government anticipates calling the following witnesses in its case in chief. Please note that the government has not yet determined the final order in which the witnesses will testify. In addition, this following list is not dispositive, and the United States reserves the right to amend or supplement the witnesses it

---

[2] Unless otherwise noted, all references to the Ninth Circuit Model Instructions are to the 2010 Edition.

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 201   Filed 12/04/17   Page 12 of 22

intends to call at trial:

### A. Alaska State Trooper Barry Cebulski

Trooper Cebulski will testify about receiving an initial complaint about the defendant's Craigslist posting on January 16, 2014, and the second posting on January 17, 2014.   He will testify about his work identifying and locating the defendant.

### B. Alaska State Trooper Kirsten Hansen

Trooper Hansen will testify about the assistant she provided to Trooper Cebulski, and her coordination with Military law enforcement following the identification of the defendant as a solder at Fort Wainwright.

### C. Alaska State Trooper Ramin Dunford

Sergeant Dunford will describe his assistance to Trooper Cebulski, including his application for search warrants seeking identifying information about the defendant from Craigslist and GCI.

### D. Army CID Investigator Scott Shanahan

Investigator Shanahan will describe his search of the defendant's barracks room and the items seized as a result of that search.

### E. FBI Special Agent Holly Steeves

Special Agent Steeves is a certified computer forensic examiner.   Special Agent Steeves will describe how she received a request to process the digital evidence seized from the defendant, and the steps she took to perform that task.

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

These steps included the use of Cellebrite to analyze the defendant's cell phone, and the use of FTK to analyze his computer.

## F.  FBI Special Agent Jolene Goeden

Special Agent Goeden will testify about her investigation, including her identification of additional Craigslist ads seeking access to minors that were posted by the defendant, and the results of her search warrant seeking email communications between the defendant and those who responded to his advertisements.   Through SA Goeden's testimony about these emails, the United States will admit evidence of the defendant's knowing distribution and transportation of child pornography.

Special Agent Goeden will also testify about digital evidence located on the defendant's computer and other digital devices.   This evidence includes chat and text message conversations with individuals who identify themselves as minor females.   Special Agent Goeden will describe messages in which the defendant seeks sexual contact with or images of child pornography from these minor females.

Finally, SA Goeden will describe the quantity of child pornography received by the defendant and located on his computer.

## VI.     EVIDENTIARY AND LEGAL ISSUES

### A.  Adverse Information

The United States has searched its records and identified no material for SAs Goeden and Steeves that is discoverable under Brady v. Maryland, 373 U.S. 83

(1963), and <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1997). The United States is unaware of any adverse information about its other law enforcement witnesses. The United States will inform the defendant if it becomes aware of any adverse information relating to any of its witnesses in this case.

### B. Computer Files in General

This case involves digital evidence recovered from the defendant's cell phone and computer using commercially available forensic investigation software. The standard for authenticating computer records is the same for authenticating other records and does not vary simply because the original record happened to be in electronic form. <u>United States v. Vela</u>, 673 F.2d 86, 90 (9th Cir. 1982). The witness who testifies to the authenticity of the computer record need not have special qualifications and need not have programmed the computer or even understand the technical operation of a computer. <u>United States v. Salgado</u>, 250 F.3d 438, 453 (6th Cir. 2001) ("[I]t is not necessary that the computer programmer testify in order to authenticate the computer generated records.") Instead, the witness need only have first-hand knowledge of the facts to which he testifies, such as examining or seizing the computer from which the records were obtained. <u>United States v. Whitaker</u>, 127 F.3d 595, 601 (7th Cir. 1997).

The authenticity of a computer program is also generally not a bar to the admission of evidence derived from the use of such program. Such challenges are defeated by providing sufficient facts to support a finding that the records are

Page 15 of 22

Govt.'s Trial Brief<br><u>United States v. Basey</u><br>4:14-cr-00028-RRB-SAO

trustworthy and the opposing party has the chance to inquire into the accuracy of such records. United States v. Briscoe, 896 F.2d 1476 1494-95 (7th Cir. 1990). Typically, the reliability of a computer program can be established by showing that the users of the program actually do rely upon it on a regular basis. Id. at 1494 (holding that computerized records held by a telephone company were admissible).

In the present case, SA Steeves, a trained agent familiar with the methods and techniques needed to perform forensic analysis, is expected to testify. During her testimony, SA Steeves will identify her training and experience, identify the devices she imaged and examined, describe the tools and methodology employed to conduct that examination, and describe how those tools produce an identical copy of the seized evidence. This image copy is identical to the original and is the copy used by SA Steeves or a case agent during a review of the digital evidence.

Copies of the seized digital evidence containing contraband have been made available to Defense Counsel for review.

## C. Computer Evidence and Images

The government intends to show the jury various items of evidence found on the defendant's computers, including child pornography. In presenting this evidence, the United States will employ procedures designed to minimize the images' prejudicial effect, and to reduce the psychological impact they might have on jurors and any other court participant who views them.

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 201   Filed 12/04/17   Page 16 of 22

Evidence is relevant if it has any tendency to make a fact more or less probable.   See Fed. R. Evid. 401.   Relevant evidence is generally admissible.   See Fed. R. Evid. 402.   Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.   However, exclusion under this rule should be "cautious and sparing," because its "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."   United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000). On its face, the rule prevents admission only if the danger of unfair prejudice substantially outweighs the probative value.   It does not permit excluding evidence that simply has the potential to be somewhat prejudicial or whose prejudice slightly outweighs its probative value.

In this case, the images of child pornography are necessary in order to prove the elements of the charged offenses.   First, in order to prove that the defendant received, transported, and distributed child pornography, the government must establish that the relevant image or images are actually child pornography. Sexually explicit conduct is defined in 18 U.S.C. § 2256, and thus the government must also prove that the children's behavior falls into one or more of the statute's categories.   Whether the government has meet its burden in this regard is a fact for the jury to decide based upon the instructions provided to them by the Court. In order for the jury to make this determination, they must be able to see the evidence.

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

The United States has not received any notice that the defendant intends to stipulate to the fact that the images in this case are child pornography. However, even if the defendant stipulates that the visual depictions that form the basis for Counts Four through Six are, in fact, child pornography, the content of these files should still be admitted, as "courts are in near-uniform agreement that the admission of child pornography images or videos is appropriate, even where the defendant has stipulated, or offered to stipulate, that those images or videos contained child pornography." United States v. Cunningham, 694 F.3d 372 (3rd Cir. 2012) (citing United States v. Ganoe, 538 F.3d 1117, 1123–24 (9th Cir. 2008); United States v. Polouizzi, 564 F.3d 142, 153 (2d Cir. 2009); United States v. Schene, 543 F.3d 627, 643 (10th Cir. 2008); United States v. Morales–Aldahondo, 524 F.3d 115, 120 (1st Cir. 2008); United States v. Sewell, 457 F.3d 841, 844 (8th Cir. 2006); United States v. Dodds, 347 F.3d 893, 898–99 (11th Cir. 2003)).

Second, the content of the Superseding Indictment's images and videos is highly relevant to proving that the defendant received, transported and distributed them *knowing* that they contained child pornography. The Ninth Circuit and other courts have upheld the admission of child pornography for the purpose of demonstrating scienter. See United States v. Hardrick, 766 F.3d 1051 (9th Cir. 2014) (upholding the admission of pornography clips as probative of the defendant's knowledge and the credibility of his defenses); United States v. Layne, 43 F.3d 127, 134 (5th Cir. 1995). Here, showing the evidence to the jury will demonstrate that

even a cursory view of the files depicts prepubescent minors engaging in sexually explicit conduct.   This fact supports a verdict that the defendant knowingly received, transported and distributed child pornography.

In Ganoe, the court upheld the admission of graphic video clips of charged child pornography based in part on three methods that the district court used prevent potential unfair prejudice: (1) the district court conducted a careful *voir dire* on whether jurors could be impartial and unbiased after seeing images of child pornography; (2) the government played short clips of the videos only once; and (3) the district court gave two cautionary instructions directing the jury to view the images in an impartial and unbiased manner.   538 F.3d at 1124 (9th Cir. 2008).

In this case, the files possessed by the defendant were in video and image formats.   The government will employ procedures to minimize any prejudicial impact the images might have on the jurors.   For all of the files at issue in this case, the United States will offer testimony from the case agent about the file's name and what the file depicts.   The United States will then move into evidence a CD containing the complete video or image file.   The United States will then move to publish to the jury a representative series of screen captures showing portions of the videos, or a single copy of the image.   Each juror will view the screen captures or image and pass it to the next juror.   When the viewing is complete, the United States will collect the screen captures and images, and maintain possession of them throughout the trial.

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 201   Filed 12/04/17   Page 19 of 22

In conclusion, the videos and images at issue in this case are relevant evidence, and their probative value of several elements of the crime is high. Viewing screen captures and images is the only way for the jury to determine that the charged files are, in fact, "visual depictions" of "minors" engaged in "sexually explicit conduct." The contents of the files are also key evidence demonstrating that the defendant knowingly received, transported and distributed child pornography. Finally, the Court can admit the evidence using the mitigating measures proposed by the United States: conducting a *voir dire* giving jurors notice of the images' admission; controlling the procedures through which images are shown to jurors; and providing a limiting instruction. These efforts will ensure that the evidence of child pornography does not unfairly prejudice the jury.

### D.   Counseling for Jurors

The District Court may authorize counseling for jurors and court personnel exposed to evidence of child pornography. During their time of service, jurors are considered federal employees. Consequently, jurors may receive counseling through Federal Occupational Health-United States Health and Human Services (FOH-HHS) for trauma incurred by their federal service. This includes trauma caused by the viewing of images of and the taking of testimony about the sexual molestation of children. Payment for these sessions is coordinated between the Administrative Offices of the United States Courts' and FOH-HHS. The United States has obtained referral cards from the United States Probation Office and asks

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

Case 4:14-cr-00028-RRB   Document 201   Filed 12/04/17   Page 20 of 22

that the Court provide these cards to the jurors.   This procedure was previously used in United States v. Carroll, 3:12-cr-00021-RRB.

### E.   Courtroom Security

The government is not aware of any security risks to the courtroom.

## VII.   POSSIBLE DEFENSES

The defendant has not filed notice of any defense.   In the event that timely notice is not provided in accordance with the Federal Rules of Criminal Procedure, the government will seek to preclude the defendant from presenting any evidence of a defense.

## VIII.   WITNESS EXCLUSION & CASE AGENT DESIGNATION

Pursuant to Federal Rule of Evidence 615, the government will move to exclude all witnesses until their testimony has been completed.   The government will further move that SA Jolene Goeden be designated as the case agent and exempt from the exclusion order.   Fed. R. Evid. 615; see also United States v. Little, 753 F.2d 1420, 1441 (9th Cir. 1985).

//

//

//

//

//

//

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO

## IX.     CONCLUSION

The foregoing is a summary of points the government anticipates may arise at trial. Should any legal issues arise that have not been covered in this trial brief, the government respectfully requests leave to submit further briefing as necessary.

RESPECTFULLY SUBMITTED this 4th day of December, 2017, at Fairbanks, Alaska.

BRYAN SCHORDER
United States Attorney

*s/ Kyle Reardon*
KYLE REARDON
Assistant U.S. Attorney

Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2017, a true and correct copy of the foregoing was served electronically on:

Rex Butler, Esq.

*s/ Kyle Reardon*
Office of the U.S. Attorney

Govt.'s Trial Brief
United States v. Basey
4:14-cr-00028-RRB-SAO