**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. KALEB L. BASEY, Defendant-Appellant. | No. 18-30121 D.C. No. 4:14-cr-00028-RRB MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 5, 2019
Anchorage, Alaska

Before: TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

Kaleb Basey was convicted by a jury of one count of transportation of child pornography and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1), (a)(2), and (b)(1). Basey appeals the district court's denials of his request for a continuance in order to file additional suppression motions, his motion to dismiss the indictment on speedy trial grounds, and his motion for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment of acquittal under Federal Rule of Criminal Procedure 29. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review the denial of a motion to continue for abuse of discretion. *See United States v. Soto*, 794 F.3d 635, 655 (9th Cir. 2015). It is undisputed that Basey made his request for a continuance to file additional suppression motions: (a) twelve days before trial was set to begin; (b) eight months after the last stated pretrial motions deadline; and (c) following two complete rounds of pretrial suppression motions he had previously filed. Basey's renewed request was untimely under Federal Rule of Criminal Procedure 12(c)(3), and he was required to show good cause why the district court nevertheless should consider it. *See United States v. Tekle*, 329 F.3d 1108, 1112 (9th Cir. 2003) (addressing then-current Rule 12(f)). Based on this record, we cannot say that the district court abused its discretion when it denied Basey's motion to continue.[1]

2. We review the district court's denial of a Sixth Amendment speedy trial

---

[1] We reject Basey's argument that the district court must have reached the merits of his proposed motions in denying the continuance because it stated that the motions "all appear to be without merit on their face." Because the court made no findings (explicit or implicit) respecting whether Basey's email account was seized under 18 U.S.C. § 2703(f) in violation of the Fourth Amendment, let alone whether his emails should be suppressed, *cf. United States v. Scott*, 705 F.3d 410, 416 (9th Cir. 2012) (to constitute a ruling on the merits of a waived or forfeited suppression argument, a court's order must actually determine whether seized evidence should have been suppressed), we are not persuaded that the merits, and not the untimely nature of the motion, was the basis of the court's ruling.

2

claim de novo, reviewing the underlying findings of fact for clear error. *See United States v. Sutcliffe*, 505 F.3d 944, 956 (9th Cir. 2007). To determine whether Basey's Sixth Amendment rights were violated, we must balance "the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Tanh Huu Lam*, 251 F.3d 852, 855 (9th Cir. 2001) (citing *Barker v. Wingo*, 407 U.S. 514, 529 (1972)). Though the delay in this case was long enough to trigger the *Barker* balancing test, we conclude that the balance of factors here ultimately does not weigh in Basey's favor.

The second *Barker* factor—the reason for the delay—is the "focal inquiry" in the analysis. *See United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007). The district court's finding that Basey was largely responsible for the delay is not clearly erroneous. The record supports the court's conclusion that most, if not all, of the delay was due to the sequential manner in which Basey chose to file his pretrial motions and his decision to change counsel less than a month before his trial date. As to the third factor, Basey did not assert his right to a speedy trial until after all of his other pretrial motions had been resolved and he was approaching the eve of trial. This does not "strongly counsel in favor of finding a Sixth Amendment violation." *Id.* Finally, while Basey's pretrial confinement—whether measured from the date of the superseding indictment or the first indictment—was

3

lengthy, it still must be "balanced and assessed in light of the other *Barker* factors, including the . . . reasons[] and responsibility for the delay." *Lam*, 251 F.3d at 860. Under the circumstances of this case, we conclude that Basey's Sixth Amendment right to a speedy trial was not violated since he was primarily responsible for delays.

3. We review de novo the denial of a Rule 29 motion for acquittal and examine the sufficiency of the evidence to convict. *See United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996). Here, the evidence at trial, taken in the light most favorable to the prosecution, was sufficient for a rational juror to find the essential elements of Basey's crimes beyond a reasonable doubt and the venue properly laid in the District of Alaska.[2] *See United States v. Doe*, 842 F.3d 1117, 1119 (9th Cir. 2016). Even assuming that the child pornography distribution charge at issue here required proof that a recipient opened the email attachment of a pornographic image, the jury reasonably could have concluded from the emails produced at trial that the recipient of Basey's email did so. Likewise, as to his claim that venue was not proper in Alaska, a rational fact finder could conclude that it was more likely than not that Basey emailed a child pornography image to himself on October 22, 2013, while he was in Fairbanks, Alaska, and that venue there was proper.

---

[2] Venue need only be shown by a preponderance of the evidence. *See United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012).

4

**AFFIRMED.**