Kaleb Lee Basey
17753-006 Cardinal Unit
Federal Medical Center Lexington
P.O. Box 14500
Lexington, KY 40512-4500
Defendant-Petitioner in Pro Se

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:14-cr-00028-RRB |
|    Plaintiff -Respondent, | ) | |
| | ) | INTERROGATORIES TO |
| vs. | ) | REX LAMONT BUTLER |
| | ) | |
| | ) | (28 U.S.C §2246)[1] |
| | ) | |
| KALEB LEE BASEY, | ) | |
| | ) | |
|    Defendant-Petitioner. | ) | |

    Kaleb Basey, defendant-petitioner in the above-captioned action, requests that you, Rex Lamont Butler, answer all of the following interrogatories, in writing or print and under oath, as required by Rule 33 of the Federal Rule of Civil Procedure. A copy of your written or typed responses to these interrogatories must be served on Kaleb Basey at the above-listed address.

---

[1] 28 U.S.C. §2246 provides: "On application for a writ of habeas corpus, evidence may be taken...in the discretion of the judge, by the affidavit. If affidavits are admitted *any party shall have the right to propound written interrogatories* to the affiant, or to file answering affidavits." (emphasis added).

Interrog. To Rex Butler
U.S. v. Basey      Exh. A      1
Case 4:14-cr-00028-RRB   Document 349-1   Filed 02/16/21   Page 1 of 14

## INSTRUCTIONS FOR RESPONDING

A. These interrogatories are to be answered by you based on all the information that is or may be available to you, or any person, employee, agent, expert, accountant or attorney who has acted or is now acting on your behalf.

B. If, after a reasonable and thorough investigation, using due diligence, you are unable to answer any interrogatory, or any part of an interrogatory, on the grounds of a lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you do have concerning the unanswered portion of any interrogatory and set forth the facts on which such knowledge or belief is based.

C. When an iterrogaroty does not specifically request a particular fact, but when that fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, you should include that fact or those facts as part of the answer. The interrogatory shall be deemed specifically to request whatever fact or facts are needed to make the response comprehensible without reference to any other matter.

D. If you claim any form of privilege with regard to any oral communication, document, or tangible thing, whether based on statute or otherwise, as a ground for not answering an interrogatory or any portion of an interrogatory, or for not voluntarily producing any tangible thing or document, set forth your answers with respect to each oral communication, document, or tangible thing for which you claim such a privilege, the following:

1. The date of any oral communication or the date of preparation of any document;

2. The name, address, title, and occupation of each of the participants in any oral communication or each of the authors and addresses of any document;

3. The name, title, and address of the present custodian of any document or tangible thing.

4. A description of each oral conversation, document, or tangible thing (by subject matter or title) that is sufficient to identify the particular conversation or tangible thing without revealing its content, but with sufficient detail to set out the legal and factual basis for the application of the privilege claimed for that conversation, document, or tangible thing.

E. When statements of factual information are requested, the requested information includes the identification of all formal and informal documentation that explains, clarifies, describes or in any way relates to the requested statement of factual information.

F.  For the purposes of these interrogatories, whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural and words importing the plural number include the singular, and words importing the masculine includes the feminine.

G.  With respect to any interrogatories or answer in which reference is made to an oral communication, specify the following:

1. The name, company or other affiliation, and title or identifying feature of the individual who made the oral communication;

2. The name, company or affiliation, and title or other identifying feature of each individual to whom the oral communication was made;

3. The date on which the oral communication was made;

4. The place where the oral communication was made;

5. The names of each individual who heard the oral communication of different or in addition to those individuals to whom the oral communication was made. If the names of these individuals are not sufficient to permit identification of the individuals, include a description of those individuals that will be sufficient to permit their identification by Kaleb Basey.

6. The nature and content of the oral communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;

7. State whether any individual to whom the oral communication was made or hearing the oral communication, made any threats in response to the communication and, if so, identify the responses in detail, repeating the actual words used to the extent possible, and when not possible, paraphrasing those words; and

8. State whether the oral communication was ever memorialized in any document. If so, identify each document in sufficient detail to permit the preparation of a valid request to produce it under Fed. R. Civ. P. 34.

H. These interrogatories are continuing in nature and responses that defendant-petitioner Basey later learns are inaccurate or incomplete are to be reasonably supplemented as required by Rule 26(e).

## *DEFINITIONS*

A. The word "you" means Rex Lamont Butler.

B. The word "document(s)" means all written, recorded or graphic matter, however produced or reproduced, pertaining in any manner to the subject matter indicated that is now or was formerly in your actual or constructive possession, custody, or control and including, without limiting the generality of the preceding, all originals, copies, and drafts of all: correspondence, memos, notes, emails, memos of telephone conversations, printouts of emails, working papers, spreadsheets, data, reports, accounts, records, calendars, diaries, minutes, contracts or other legal documents, photographs, bulleting, notices, information stored on computers in any form, and other data or information sources.

C. "Including" shall mean including, but not by way of limitation.

D. "Referring" and/or "relating to" shall mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, providing, showing, refuting, rebutting, controverting, contradicting, and/or made in connection with or by reason of or arising therefrom.

E. The term "Yahoo warrant" means and refers to the warrant FBI Agent Jolene Goeden obtained on November 20, 2014 from Magistrate Kevin McCoy. *See* Dkt. 172-1 at 1 (Yahoo Warrant).

F. The words "and" and "or" shall be construed as either conjunctive or disjunctive in such a manner as will broaden as widely as possible the scope of any interrogatory and any response.

G. The word "all" means "any and all;" the word "including" means "including but not limited to."

H. The words "identify" and "identity," when used with respect to a document or documents, means to describe the document by date, subject matter, name(s) or person(s) that wrote, signed, initialed, dictated or otherwise participated in the creation of the document, the name(s) of the addressee(s) (if any) and the name(s) and address(es) of the person(s) who have custody of the document(s).

I. The word "identify" when used with respect to an act (including alleged act), occurrence, statement or conduct, means to state the date

when the act occurred; the identity of each and every person or persons participating in the act; the identity of all other persons, if any, present when the act occurred; whether any documents of the act were made; whether the documents now exist; and the identity of the person(s) presently having custody or control of these things.

## *INTERROGATORIES*

### *Interrogatory No. 1*

Identify any meetings, discussions, communications, and documents referring or relating to Kaleb Basey's criminal case that occurred or were exchanged between you and any public defender including M.J. Haden and Bruce Johnson.

### *Interrogatory No. 2*

Identify any hearings, meetings, discussions, communications, conferences, and documents relating or referring to your potential and/or actual removal from the CJA Panel after the Ninth Circuit referred the matter to the District of Alaska. *See United States v. Basey*, 2019 U.S. App. LEXIS 26300 (9th Cir. Aug. 29, 2019).

### *Interrogatory No. 3*

Identify any records referring or relating to timesheets, vouchers, and records of billable hours for your work in Kaleb Basey's criminal case and direct appeal.

Interrog. To Rex Butler
U.S. v. Basey
7

Case 4:14-cr-00028-RRB    Document 349-1    Filed 02/16/21    Page 7 of 14

*Interrogatory No. 4*

How many non-telephonic attorney visits did you have with Kaleb Basey?

*Interrogatory No. 5*

Identify any records referring or relating to what was discussed or otherwise transpired during every telephonic and non-telephonic discussion or meeting between you and Kaleb Basey regarding his criminal case and direct appeal.

*Interrogatory No. 6*

Why did you not attempt to have Basey's case declared "extended" or "complex" under the Criminal Justice Act? *See* U.S.C. §3006A(d)(3); *United States v. Macarthur*, No. 05-602030-CR-MARTINEZ 2008 U.S. Dist. LEXIS 141020, *3 (S.D. Fla. April 23, 2008).

*Interrogatory No. 7*

When did your first view the video of Kaleb Basey being interrogated by the Army CID?

*Interrogatory No. 8*

Identify all individual's, meetings, conferences, communications, and documents that refer, relate, and/or support your statement in your

December 28, 2020 declaration that: "[W]e believed Mr. Basey had several legal minds reviewing and advising him in this case[.]"

*Interrogatory No. 9*

In a filing in Basey's direct criminal appeal (No. 19-30121), you stated "one of the reasons we were ultimately appointed CJA counsel and previous counsel withdrew" was because "Basey...believes that he is the smartest person in the room." Appeal Dkt. 16 at 2.

- Identify all of the reasons you were appointed Basey's counsel.
- Identify all meetings, conferences, communications, and documents referring ro relating to you or Basey's prior counsel characterizing Basey as someone who "believes that he is the smartest person in the room."
- Why do you and/or did prior counsel describe Basey as someone who "believes that he is the smartest person in the room?"

*Interrogatory No. 10*

How did you prepare for Basey's trial?

*Interrogatory No. 11*

Did you read every email Basey sent you? If not, which ones did you read?

*Interrogatory No. 12*

At what point did you realize that the emails Basey was ultimately convicted on were obtained with the Yahoo warrant and not from his computer?

*Interrogatory No. 13*

Identify any meetings, conferences, communications and documents referring or relating to your investigation of the facts and law of any suppression issues regarding Basey's emails and the Yahoo warrant.

*Interrogatory No. 14*

Explain the extent of your investigation into the facts and law relating to suppression issues in Kaleb Basey's criminal case.

*Interrogatory No. 15*

How many criminal cases have you worked where two or more suppression motions are filed over the course of the case?

*Interrogatory No. 16*

If Basey were a paying client with adequate means to have paid you to file a motion to suppress his emails, would you have filed the motion to suppress his emails and would you have done so in a timely manner.

*Interrogatory No. 17*

You have stated on at least two prior occasions that you believed Basey's suppression issues with regard to his emails had merit.[2] Did you mean what you said about the suppression issues with regard to Basey's emails having merit?

*Interrogatory No. 18.*

Would it be your normal practice to abandon a potentially meritorious suppression issue if you felt it would amount to an inordinate expenditure of time and/or money in light of your other efforts in the case without first approaching the Court to ask for more time and/or money to pursue the potential suppression issue?

*Interrogatory No. 19*

In your opinion, do you believe that a defense attorney who is able to suppress evidence for 4 out of 6 counts of an indictment is relieved of his duty to provide effective assistance of counsel by filing a timely motion to suppress evidence for the two remaining counts (assuming the attorney believes the suppression motion is meritorious)?

---

[2] Dkt. 166 at 1 ("Mr. Basey identified two additional issues that must be addressed pretrial. Defense counsel believes we can make a meritorious argument...."); Appellate Dkt. 16 at 2 (noting Basey's brief "has some good arguments in it").

*Interrogatory No. 20*

Why did you fail to respond to the Government's request for your declaration in this proceeding and why did you take so long to respond to attorney Jane Martinez's requests for your declaration in this proceeding?

*Interrogatory No. 21*

Describe any cases where a court or jury has found that you were ineffective counsel or committed legal malpractice by providing the name of the case, case number, which court and district it took place in, and the nature of why you were found to be ineffective or to have committed malpractice.

*Interrogatory No. 22*

Describe any bar association complaints that have been sustained against you by describing the nature of the complaint, when it was made, and the punishment (if any) you received.

*Interrogatory No. 23*

Will you email or mail copies, photographs, or other reproductions of each document listed above to Basey without a motion to produce, at Kaleb Basey's expense?

*Interrogatory No. 24*

Have any of the documents mentioned above been certified, notarized, witnessed, approved after inspection or otherwise authenticated?

*Interrogatory No. 25*

If so, for each item, state:

- a description of the item;
- the name, address, and job title or capacity of the person who certified notarized, witnessed approved or authenticated;
- the date when it was certified, notarized, witnessed, approved, or authenticated;
- the manner of its authentication or approval;
  the purpose of its authentication or approval.

*Interrogatory No. 26*

Prior to trial, what did you think Basey's top 3 defenses were with regard to the charges relating to the Yahoo emails (list in the order of best to worst).

Dated: _____February 12_____, 2021.

_____Kaleb Basey_____
Kaleb Basey
Defendant-Petitioner in Pro Se

Interrog. To Rex Butler
U.S. v. Basey
13
Case 4:14-cr-00028-RRB   Document 349-1   Filed 02/16/21   Page 13 of 14

Caleb Lee Basey
17153-006 Cardinal Unit
FMC Lexington
P.O. Box 14500
Lexington, KY 40512-4500

U.S. Dist. Court
222 W. 7th Ave
Rm 229 Suite #4
Anchorage, AK 99513