IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KALEB LEE BASEY,<br><br>    Defendant. | Case No. 4:14-cr-00028-RRB<br><br>**ORDER DENYING PETITION FOR RELIEF PURSUANT TO § 2255**<br>**and**<br>**DENYING PENDING MOTIONS AS MOOT**<br>**(Dockets 294, 342, 343, 344, 349, 355, 356)** |

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence of 180 months in prison, with lifetime mandatory supervised release, for transportation and distribution of child pornography.[1] The government has opposed the motion,[2] and Defendant has replied.[3]

## I. BACKGROUND

A comprehensive summary of the facts of this case may be found in the magistrate judge's May 9, 2017, Final Report and Recommendation.[4] The relevant points on the timeline are as follows:

---

[1] Dockets 294, 295, 296.
[2] Docket 316.
[3] Docket 334-4.
[4] Docket 160 at 7–26.

- **January 15, 2014** – The Alaska Bureau of Investigation began an investigation into a Craigslist advertisement which appeared to be posted by an adult male looking for sexual encounters with young girls.[5]

- **January 17 & 18, 2014** – The Army Criminal Investigations Division obtained a military search warrant and searched Defendant's room, seizing electronic **devices**.[6]

- **February 2014** – A preservation letter was sent to Yahoo to preserve the email account at issue pursuant to the Stored Communications Act, specifically 18 U.S.C. § 2703(f).[7][8]

- **November 20, 2014** – The FBI obtained a federal search warrant for the Yahoo email account.[9]

- **December 16, 2014** – A Grand Jury indicted Defendant for Attempted **Enticement** of a Minor and Receipt of Child Pornography.[10]

- **March 17, 2016** – A Grand Jury returned a Superseding indictment which added counts for Transportation of Child Pornography and Sexual Exploitation of a Child – Distribution of Child Pornography in violation of 18 U.S.C. § 2252.[11] These counts related primarily to evidence recovered from the Yahoo email account.

- **May 19, 2016** - Appointed FPD counsel moved to withdraw.[12] CJA counsel was appointed a few days later.[13]

- **October 4, 2016** – CJA counsel filed a Motion to Suppress "all evidence **secured** by executing the military search warrant; all statements made by Basey during the course of his custodial interrogation; and all evidence secured by executing the federal search warrant."[14] This motion ultimately

---

[5] Docket 110 at 6.
[6] Docket 110 at 11–12.
[7] Docket 171 at 3.
[8] The Stored Communications Act addresses the obligation of email service providers to preserve electronic evidence at the request of a government entity. 18 U.S.C. 121 §§ 2701–2712.
[9] Docket 171 at 3.
[10] Docket 2.
[11] Docket 101.
[12] Docket 114. *See also* Docket 295, alleging that counsel stated her strong belief that such a motion lacked merit and would be unsuccessful.
[13] Docket 123.
[14] Docket 130.

*United States v. Basey* Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot Page 2
Case 4:14-cr-00028-RRB   Document 357   Filed 03/10/21   Page 2 of 10

was granted in part and denied in part on May 31, 2017, when this Court suppressed a portion of Defendant's statements, but denied the motion to suppress the evidence obtained from the search of Defendant's electronics.[15]

- **June 28 and July 7, 2017** – Appointed CJA counsel moved to continue trial, seeking permission to file a motion to suppress the Yahoo emails seized **pursuant** to the federal warrant.[16] This motion was denied following a hearing and further briefing.[17] The Court found that "most, if not all, of the issues that Defendant seeks to address by motion practice already have been addressed and resolved by the Court, and all appear to be without merit on their face."[18]

- **November 16, 2017** - Defendant filed a *pro se* motion to suppress, wherein he **invoked** the Posse Comitatus Act and argued that his Yahoo emails should have been suppressed.[19] This motion also was denied.[20]

- Prior to trial, the government dismissed the original four counts and proceeded solely on the two counts arising primarily from the search of the Yahoo account.[21] Defendant was convicted by a jury.[22]

After his conviction, Defendant filed a 67-page memorandum in support of his *pro se* § 2255 Petition.[23] He alleges that both appointed trial counsel were ineffective because they failed to move to suppress his Yahoo emails, and that he was prejudiced by their failure to do so because the emails formed the sole basis of his conviction.[24]

On September 30, 2020, the Court provisionally appointed the Federal Public Defender to assist Defendant with his § 2255 Petition, and appointed counsel entered an

---

[15] Docket 165.
[16] Dockets 166, 171.
[17] Dockets 170, 171, 172, 173.
[18] Docket 173.
[19] Docket 194.
[20] Docket 200.
[21] *See* Docket 207.
[22] Docket 214.
[23] Docket 296.
[24] *Id.*

*United States v. Basey*  Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot   Page 3
Case 4:14-cr-00028-RRB   Document 357   Filed 03/10/21   Page 3 of 10

appearance shortly thereafter.²⁵ Despite being represented by counsel, Mr. Basey continued to file *pro se* motions,²⁶ and his counsel was permitted to withdraw in light of Mr. Basey's expressed desire to proceed *pro se*.²⁷ Accordingly, the Court will consider the § 2255 Petition filed as originally filed.²⁸

## II. DISCUSSION

### A. Discovery Motions

Defendant has filed a number of motions that now are ripe: Motion in Limine,²⁹ Motion to Expand Record,³⁰ Motion for Judicial Notice,³¹ and Motion to Serve Interrogatories on trial counsel.³² Defendant recently has filed two additional motions, one seeking Jencks Act statements,³³ and the other seeking to compel a sworn statement from his first FPD attorney.³⁴

Under the Rules Governing Section 2255 Proceedings, Rule 6 allows the Court, for good cause, to authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure. Rule 6 provides that the scope and extent of discovery is a matter confided to the District Court's discretion.³⁵ In addition, Rule 7 allows the Court to, on its own motion, "direct the parties to expand the record by submitting additional

---

²⁵ Dockets 319, 320.
²⁶ *See* Docket 327 (Motion for Injunction); Docket 329 (Motion to file *pro se* Reply).
²⁷ Dockets 331, 334, 335, 336.
²⁸ Docket 294.
²⁹ Docket 342.
³⁰ Docket 343.
³¹ Docket 344
³² Docket 349.
³³ Docket 355.
³⁴ Docket 356.
³⁵ *Bracy v. Gramley*, 520 U.S. 899, 909 (1997).

*United States v. Basey*   Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot   Page 4
Case 4:14-cr-00028-RRB   Document 357   Filed 03/10/21   Page 4 of 10

materials relating to the motion." A review of Defendant's four ripe motions reveals no opposition by the government. Nevertheless, the Court concludes that additional discovery is unnecessary in order to resolve the underlying § 2255 Petition. As this Court explained in its prior order:

> In order to [prove ineffective assistance of counsel], the defendant must show both that counsel's representation fell below an objective standard of reasonableness, . . . and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, **the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.**[36]

"Accordingly, even assuming (without finding) that the discovery Defendant seeks would establish that counsel's representation fell below an objective standard of reasonableness, or that the verdict would have been different *if* his emails had been suppressed, **the threshold question is whether a motion to suppress Basey's Yahoo emails would have been granted**."[37] Once again, therefore, this Court considers whether the discovery sought by Defendant is necessary to show that a motion to suppress his emails would have been granted.

Defendant's motion at **Docket 342** asks this Court to consider various statements by the government to be "judicial admissions," to preclude the government from withdrawing or otherwise changing its position on the completeness of the record, and to

---

[36] *Kimmelman v. Morrison*, 477 U.S. 365, 374–75 (1986) (emphasis added), citing *Strickland v. Washington,* 466 U.S. 668, 688 (1984).
[37] Docket 306 (emphasis original).

*United States v. Basey* Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot Page 5
Case 4:14-cr-00028-RRB   Document 357   Filed 03/10/21   Page 5 of 10

consider several "adoptive admissions" regarding Basey's Petition which the government "failed to address in their Answer." At **Docket 343**, Defendant moves to Expand the Record, seeking audio recordings of the search of his barracks room, ISP "transparency reports," records showing how 2703(f) requests are used by law enforcement in Alaska, records of ISP reimbursements for 2703(f) preservation costs, a copy of Agent Goeden's personnel file, and a Declaration from Agent Goeden, evidence of his FPD attorney's research, and evidence related to his CJA attorney's removal from the CJA panel. At **Docket 344**, Defendant moves this Court to "take judicial notice" of alleged prior perjury by his CJA attorney, and, at **Docket 349**, Defendant proposes interrogatories to be served on that attorney.

At **Docket 355**, Defendant moves for Jencks Act statements, seeking statements from two State Troopers and FBI Special Agent Goeden. **Docket 356,** Defendant seeks a statement from his first attorney explaining why she did not file a motion to suppress his Yahoo emails, arguing that the government's various arguments speculating as to her reasoning are not relevant absent the attorney's own explanation.

The materials sought in Defendant's pending motions, again, are not relevant to whether a motion to suppress the Yahoo emails would have been granted. None of the discovery requested is necessary for this threshold determination. The foregoing motions, accordingly, are DENIED.

B.     **Merits of a Motion to Suppress Emails**

Defendant's § 2255 Petition hinges on the validity of his argument that had he persuaded either of his attorneys to file a Motion to Suppress his emails, such a motion

*United States v. Basey*  
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot  
Case No. 4:14-cr-00028 RRB  
Page 6  
Case 4:14-cr-00028-RRB    Document 357    Filed 03/10/21    Page 6 of 10

would have been successful. Only if such a motion would have been granted could the Court now determine that Defendant's lawyers were ineffective for failing/refusing to file such a motion. Defendant does not allege ineffective assistance of counsel on any other grounds.

Despite Defendant's voluminous briefing, Defendant's arguments fail. First, this Court was aware of the issue of suppression of Defendant's emails prior to trial and, after holding a hearing on the matter, declined to entertain more briefing.[38] At that time, Defendant's CJA attorney suggested the argument that Defendant asserts here: that the nine-month delay from the date of the preservation letter to Yahoo until the warrant was issued was an "unreasonable amount of time to interfere with Basey's possessory right to his [email] account."[39] Defendant complains that he did not have a "'full and fair' opportunity to litigate the reasonable probability of the suppression motion's success" at that juncture.[40] While the Court's decision not to allow further briefing on the email issue may not trigger collateral estoppel, the briefing currently before the Court is adequate to evaluate the suppression issue.

The Stored Communications Act generally prohibits "'providers' of communication services from divulging private communications to certain entities and/or individuals."[41] Section 2703 addresses the obligation of email service providers to

---

[38] Docket 173.
[39] Docket 171 at 3.
[40] Docket 334-4 at 34.
[41] *Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 900 (9th Cir. 2008), rev'd on other grounds.

*United States v. Basey*                                                                                        Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot     Page 7

Case 4:14-cr-00028-RRB    Document 357    Filed 03/10/21    Page 7 of 10

preserve electronic evidence at the request of a government entity. It reads, in relevant part:

> **(f)** Requirement **To Preserve Evidence.—**
> **(1) In general.—**
> A provider of wire or electronic communication services or a remote computing service, upon the request of a governmental entity, shall take all necessary steps to preserve records and other evidence in its possession pending the issuance of a court order or other process.
> **(2) Period of retention.—**
> Records referred to in paragraph (1) shall be retained for a period of 90 days, which shall be extended for an additional 90-day period upon a renewed request by the governmental entity.[42]

Defendant argues at length about § 2703, complaining that, although the intent of the subsection is to *temporarily* preserve electronic files while law enforcement can obtain a warrant, entities such as Yahoo routinely preserve information for much longer periods of time, beyond the 180 days contemplated by the statute, because they have a "monetary incentive" to preserve emails under § 2706 which reimburses ISPs for their compliance with the Stored Communications Act "regardless of when legal process arrives."[43]

However, Defendant does not argue that § 2703 is unconstitutional.[44] Rather, Defendant argues that by preserving the emails, Yahoo became a government agent, and by exceeding the 180 day requirement Yahoo, as a government agent, engaged

---

[42] 18 U.S.C. § 2703(f).

[43] Docket 334-4 at 38. Section 2706 reads in relevant part: "a governmental entity obtaining the contents of communications, records, or other information under section 2702, 2703, or 2704 of this title shall pay to the person or entity assembling or providing such information a fee for reimbursement for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing such information."

[44] Docket 334-4 at 36.

*United States v. Basey*   Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot   Page 8
Case 4:14-cr-00028-RRB   Document 357   Filed 03/10/21   Page 8 of 10

in an unreasonable search and seizure in violation of the Fourth Amendment.[45] Despite Defendant's extensive briefing, this premise is unsupported by the caselaw, as explained in the government's briefing.[46]

Finally, with respect to Defendant's argument regarding the unfairness of the common practice of retaining materials beyond 180 days in order to get reimbursed by the government, the Stored Communications Act does *not* provide an exclusion remedy for nonconstitutional violations. Section 2708 states specifically that § 2707's civil cause of action and § 2701(b)'s criminal penalties "are the only judicial remedies and sanctions for nonconstitutional violations of this chapter."[47]

Defendant alleges ineffective assistance of counsel because counsel declined (or in the case of CJA counsel, delayed) filing a motion to suppress the emails that formed the basis of the charges against him. Even with the additional arguments articulated in the § 2255 briefing, the Court would not have granted a motion to suppress the emails.

### III. CONCLUSION

The issue of the suppression of emails was the only grounds upon which Defendant asserted ineffective assistance of counsel. Having concluded that Defendant would not have prevailed on such a suppression motion, had one been filed, his Petition for relief under § 2255 is accordingly DENIED.

---

[45] Docket 334-4 at 36–45.
[46] Docket 316 at 22–27.
[47] 18 U.S.C. § 2708; *See United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998) (finding that if a searched voicemail message is subject to the Wiretap Act then suppression is an available remedy for any violation, but "[i]f the voicemail message at issue is subject to the strictures of the Stored Communications Act, then suppression is not an available remedy.").

*United States v. Basey* Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot Page 9
Case 4:14-cr-00028-RRB   Document 357   Filed 03/10/21   Page 9 of 10

IT IS SO ORDERED this 9th day of March, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*United States v. Basey*   Case No. 4:14-cr-00028 RRB
Order Denying Petition for Relief pursuant to § 2255 and Denying Pending Motions as Moot   Page 10

Case 4:14-cr-00028-RRB   Document 357   Filed 03/10/21   Page 10 of 10