IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>KALEB LEE BASEY,<br><br>        Defendant. | Case No. 4:14-cr-00028-RRB<br><br>**AMENDED<br>ORDER DENYING PETITION FOR<br>RELIEF PURSUANT TO § 2255**<br>**(Dockets 294, 295, 296)** |

        Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence of 180 months in prison, with lifetime mandatory supervised release, for transportation and distribution of child pornography.[1] The government has opposed the motion,[2] and Defendant has replied.[3] This Court previously issued an Order Denying Petition for Relief Pursuant to §2255 and Denying Pending Motions as Moot.[4] At Defendant's request,[5] to which the Government did not respond, this Amended Order

---

[1] Dockets 294, 295, 296.
[2] Docket 316.
[3] Docket 334-4.
[4] Docket 357.
[5] Docket 360.

denying the § 2255 petition clarifies issues that Defendant felt were inadequately addressed in the prior Order.[6]

## I. BACKGROUND

A comprehensive summary of the facts of this case may be found in the Magistrate Judge's May 9, 2017, Final Report and Recommendation.[7] Relevant points on the timeline are as follows:

- **January 15, 2014** – The Alaska Bureau of Investigation began an investigation into a Craigslist advertisement which appeared to be posted by an adult male looking for sexual encounters with young girls.[8]

- **January 17 & 18, 2014** – The Army Criminal Investigations Division ("CID") obtained a military search warrant and searched Defendant's room, seizing electronic devices.[9]

- **February 2014** – A preservation letter was sent to Yahoo to preserve the email account at issue pursuant to the Stored Communications Act, specifically 18 U.S.C. § 2703(f).[10][11]

- **November 20, 2014** – The FBI obtained a federal search warrant for the Yahoo email account.[12]

- **December 16, 2014** – A Grand Jury indicted Defendant for Attempted Enticement of a Minor and Receipt of Child Pornography.[13]

- **March 17, 2016** – A Grand Jury returned a Superseding indictment which added counts for Transportation of Child Pornography and Sexual Exploitation of a Child – Distribution of Child Pornography in violation of

---

[6] To the extent that Docket 357 dismissed the motions at Dockets 342, 343, 344, 349, 355, and 356, those issues will not be revisited here, and Docket 357 remains the final order on those motions.
[7] Docket 160 at 7–26.
[8] Docket 110 at 6.
[9] Docket 110 at 11–12.
[10] Docket 171 at 3.
[11] The Stored Communications Act addresses the obligation of email service providers to preserve electronic evidence at the request of a government entity. 18 U.S.C. 121 §§ 2701–2712.
[12] Docket 171 at 3.
[13] Docket 2.

*United States v. Basey*  Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255  Page 2
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 2 of 15

18 U.S.C. § 2252.[14] These counts related primarily to evidence recovered from the Yahoo email account.

- **May 19, 2016** – Appointed FPD counsel moved to withdraw.[15] CJA counsel was appointed a few days later.[16]

- **October 4, 2016** – CJA counsel filed a Motion to Suppress "all evidence secured by executing the military search warrant; all statements made by Basey during the course of his custodial interrogation; and all evidence secured by executing the federal search warrant."[17] This motion ultimately was granted in part and denied in part on May 31, 2017, when this Court suppressed a portion of Defendant's statements, but denied the motion to suppress the evidence obtained from the search of Defendant's electronics.[18]

- **June 28 and July 7, 2017** – Appointed CJA counsel moved to continue trial, seeking permission to file a motion to suppress the Yahoo emails seized pursuant to the federal warrant.[19] This motion was denied following a hearing and further briefing.[20] The Court found that "most, if not all, of the issues that Defendant seeks to address by motion practice already have been addressed and resolved by the Court, and all appear to be without merit on their face."[21]

- **November 16, 2017** – Defendant filed a *pro se* motion to suppress, wherein he **invoked** the Posse Comitatus Act and argued that his Yahoo emails should have been suppressed.[22] This motion also was denied.[23]

- Prior to trial, the government dismissed the original four counts and proceeded solely on the two counts arising primarily from the search of the Yahoo account.[24] Defendant was convicted by a jury.[25]

---

[14] Docket 101.
[15] Docket 114. *See also* Docket 295, alleging that counsel stated her strong belief that such a motion lacked merit and would be unsuccessful.
[16] Docket 123.
[17] Docket 130.
[18] Docket 165.
[19] Dockets 166, 171.
[20] Dockets 170, 171, 172, 173.
[21] Docket 173.
[22] Docket 194.
[23] Docket 200.
[24] *See* Docket 207.
[25] Docket 214.

*United States v. Basey*     Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255     Page 3
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 3 of 15

After his conviction, which was upheld on appeal,[26] Defendant filed a 67-page memorandum in support of his *pro se* § 2255 Petition.[27] He alleges that both appointed trial counsel were ineffective under *Strickland v. Washington*,[28] because they failed to move to suppress his Yahoo emails, and that he was prejudiced by their failure to do so because the emails formed the sole basis of his conviction.[29]

On September 30, 2020, the Court provisionally appointed the Federal Public Defender to assist Defendant with his § 2255 Petition, and appointed counsel entered an appearance shortly thereafter.[30] Despite being represented by counsel, Defendant continued to file *pro se* motions,[31] and his counsel was permitted to withdraw in light of Defendant's expressed desire to proceed *pro se*.[32] Accordingly, the Court considered the § 2255 Petition as originally filed.[33]

## II. DISCUSSION

Defendant alleges that his attorneys "were ineffective because they failed to file a motion to suppress his Yahoo emails," suggesting that his counsel "lacked a tactical basis" for failing to do so, and that their grounds for such failure were "unreasonable." Defendant himself filed a *pro se* motion to suppress the same emails prior to trial,[34] which was denied first on the record, and then in writing

---

[26] Docket 267.
[27] Docket 296.
[28] 466 U.S. 668 (1984).
[29] *Id.*
[30] Dockets 319, 320.
[31] *See* Docket 327 (Motion for Injunction); Docket 329 (Motion to file *pro se* Reply).
[32] Dockets 331, 334, 335, 336.
[33] Dockets 294, 295, 296.
[34] *See* Docket 194 at 14–19.

*United States v. Basey* Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255 Page 4
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 4 of 15

following a Motion for Reconsideration.[35] He now spends a dozen pages expounding on his reasoning that "Yahoo's [terms of service] did not destroy Basey's expectation of privacy in his emails,"[36] that his first trial counsel "abandoned her duty to research the law and make a good faith argument to extend, modify, or reverse existing law,"[37] and that his second trial counsel was negligent for failing to file a timely motion to suppress.[38] But as this Court has previously explained[39]:

> In order to prevail [under *Strickland*], the defendant must show both that counsel's representation fell below an objective standard of reasonableness, . . . and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, **the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice**.[40]

Defendant's § 2255 Petition, therefore, hinges on the validity of his argument that had he persuaded either of his attorneys to file a motion to suppress his emails, such a motion

---

[35] Dockets 198, 199, 200. Defendant argued there that the emails were fruits of the poisonous tree, regardless of any privacy interest he had in them.
[36] Docket 296 at 4–10.
[37] *Id.* at 10–13.
[38] *Id.* at 13–16.
[39] Docket 306.
[40] *Kimmelman v. Morrison*, 477 U.S. 365, 374–75 (1986) (emphasis added), citing *Strickland v. Washington,* 466 U.S. 668, 688 (1984).

*United States v. Basey* Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255 Page 5
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 5 of 15

would have been successful. Only if such a motion would have been granted could the Court grant Defendant's various discovery motions, or find his lawyers were ineffective under *Strickland* for failing/refusing to file such a motion. Defendant does not allege ineffective assistance of counsel on any other grounds. Despite Defendant's voluminous briefing, Defendant's arguments fail.

This Court was aware of the issue of suppression of Defendant's emails prior to trial and, after holding a hearing on the matter, declined to entertain more briefing.[41] At that time, Defendant's CJA attorney raised one of the arguments that Defendant asserts here.[42] Defendant complains that he did not have a "'full and fair' opportunity to litigate the reasonable probability of the suppression motion's success" at that juncture.[43] While the Court's decision not to allow further briefing on the email issue may preclude collateral estoppel, the briefing currently before the Court is adequate to evaluate the issue.

Section II of Defendant's § 2255 petition, entitled "A motion to suppress Basey's emails would have been meritorious," presents four theories, containing a total of 13 sub-sections, seeking to satisfy the threshold question. Defendant argued that his Yahoo emails should have been suppressed because:

> (1) "The FBI's decision to seek the warrant for Basey's emails and the magistrate's decision to issue the warrant were tainted by the prior illegalities of the ASD and CID" as fruit of the poisonous tree;[44]

---

[41] Docket 173.
[42] Docket 171 at 3, arguing that that the nine-month delay from the date of the preservation letter to Yahoo until the warrant was issued was an "unreasonable amount of time to interfere with Basey's possessory right to his [email] account."
[43] Docket 334-4 at 34.
[44] Docket 296 at 18–33 (containing two subsections).

*United States v. Basey*  Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255  Page 6
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 6 of 15

(2) "The warrant for Basey's emails lacked particularity and was overbroad;"[45]

(3) "The execution of the Yahoo warrant was overbroad;"[46]

(4) "The 9-month warrantless seizure of Basey's emails under a 2703(f) letter was unreasonable."[47]

## A. Fruit of the Poisonous Tree

Defendant argues that the seizure of his electronic devices during the search of his barracks room was unlawful, and that therefore the November 2014 warrant to search his Yahoo emails was tainted as fruit of the poisonous tree because the Yahoo warrant was based on information gained from the "illegal search of his barracks room and devices."[48] Defendant is wrong. As the Magistrate and this Court previously and repeatedly have explained, although this Court held that the search of Defendant's *room* lacked probable cause, it specifically found that the federal search warrant to search the seized *electronic devices* was lawful.[49] The legal search of those devices led law enforcement to seek a warrant for Defendant's email.

---

[45] *Id.* at 33–42 (containing six subsections).
[46] *Id.* at 42–44.
[47] *Id.* at 44–66 (containing five subsections and four sub-subsections).
[48] *Id.* at 18–33.
[49] *See* Docket 110 at 23, 44–49, 63–64. The Magistrate Judge and this Court each made this determination twice. The Magistrate Judge issued a Final Report and Recommendation Regarding Motion to Suppress Evidence and Statements, recommending in part that "the continued retention of the electronic devices seized from Basey's room on January 18, 2014 was lawful, and **the evidence resulting from the search under the federal warrant issued on November 3, 2014 should not be suppressed.**" Docket 110 at 44 (emphasis added). This Court adopted the Report and Recommendation. Docket 113. Defendant then renewed his Motion to Suppress, Docket 130, which the Magistrate interpreted as a Motion for Reconsideration. Docket 149. Upon reconsideration, **the Magistrate *again* recommended that Defendant's motion to suppress the evidence obtained from the search of his electronics be denied**. Docket 160. This Court again followed the recommendation of the Magistrate Judge. Docket 165.

*United States v. Basey* Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255 Page 7
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 7 of 15

Accordingly, the issuance of the warrant for Defendant's email was not "tainted by the prior illegalities." Defendant's argument fails.

B.     **Particularity and Overbreadth/Search of Email Account**

Defendant's next two arguments suggest that the warrant for his Yahoo emails "lacked particularity" and that both the warrant and its execution were "overbroad."[50] He complains that although "the government had down-to-the-minute information as to when certain emails were sent to Basey's email account," and that it "could have used that information to target specific emails," the government instead sought copies of Defendant's Yahoo emails in bulk for a six month period.[51]

Defendant relies heavily upon an earlier published opinion which found that a search warrant application for the *entire content* of multiple targeted email accounts was overbroad when a more specific date range was available.[52] But the limitations in the search warrant here were specifically tailored to target the relevant time period and subject matter. The affiant here sought emails from Defendant's email address from "the date of the first advertisement through one week after the last email that was sent through the Craigslist servers."[53] Further, the affidavit

---

[50] Docket 296 at 33–44.
[51] *Id.* at 40.
[52] *In re Search of Google Email Accounts identified in Attachment A*, 92 F. Supp. 3d 944, 951 (D. Alaska 2015). (Finding an application for the entirety of email accounts from Gmail overbroad, when a more specific date range was available).
[53] Docket 172-1 at 30, ¶ 27 (Affidavit of Special Agent Goeden in support of Search Warrant).

*United States v. Basey*                                                                              Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255                                                        Page 8
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 8 of 15

specifically limited the request to "electronic or wire communications with a minor or any person purporting to be a minor, or claiming to have access to a minor, or that otherwise involve the enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense."[54]  Defendant has provided no authority that indicates that the parameters of the search warrant application here were overbroad or lacked particularity such that they violated the Fourth Amendment.  Nor is there any evidence that the search warrant was not consulted during its execution, or that Defendant was prejudiced in any event.

      Next, Defendant complains that the terms of the search warrant affidavit did not specifically seek emails between himself and a particular "me.com" email address, and that it was "ultimately the emails that the affidavit didn't seek that were used to convict Basey."[55]  Having concluded that the warrant was valid, the Court takes judicial notice that the emails Defendant referenced here involved Defendant telling the recipient about his proclivity toward sexual acts involving "5 to 15-year-old[s]."[56]  Such emails were precisely the type of emails requested in the warrant.  Defendant's argument that the warrant for his emails was overbroad and lacked particularity, as well as his complaint that the warrant's execution was overbroad, are without merit.

---

[54] Docket 172-1.
[55] Docket 296 at 36.
[56] *See* Docket 261 at 139 (trial transcript of government's closing statement).

C. **Seizure under 18 U.S.C. §2307(f) Preservation Letter**

The Stored Communications Act generally prohibits "'providers' of communication services from divulging private communications to certain entities and/or individuals."[57] Section 2703 addresses the obligation of email service providers to preserve electronic evidence at the request of a government entity. It reads, in relevant part:

> **(f) Requirement To Preserve Evidence.—**
> **(1) In general.—**
> A provider of wire or electronic communication services or a remote computing service, upon the request of a governmental entity, shall take all necessary steps to preserve records and other evidence in its possession pending the issuance of a court order or other process.
> **(2) Period of retention.—**
> Records referred to in paragraph (1) shall be retained for a period of 90 days, which shall be extended for an additional 90-day period upon a renewed request by the governmental entity.[58]

Defendant argues at length about § 2703.[59]

1. **Yahoo was not a "government agent"**

Defendant complains that although the intent of § 2703(f) is to *temporarily* preserve electronic files while law enforcement can obtain a warrant, entities such as Yahoo routinely preserve information for much longer periods of time, beyond the 180 days contemplated by the statute, because they have a "monetary incentive" to preserve

---

[57] *Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 900 (9th Cir. 2008), rev'd on other grounds.
[58] 18 U.S.C. § 2703(f).
[59] At Docket 360, Defendant complains that this Court's prior order focused primarily on Defendant's §2703(f) argument. However, this section of Defendant's § 2255 Petition comprised a full third of Defendant's argument.
*United States v. Basey*     Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255     Page 10
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 10 of 15

emails under § 2706 which reimburses ISPs for their compliance with the Stored Communications Act "regardless of when legal process arrives."[60]

However, Defendant does not argue that § 2703 is unconstitutional.[61] Rather, Defendant argues that by preserving the emails, Yahoo became a government agent, and by exceeding the 180 day requirement Yahoo, as a government agent, engaged in an unreasonable search and seizure in violation of the Fourth Amendment.[62] Despite Defendant's extensive briefing, this premise is unsupported by the caselaw, as explained in the government's briefing.[63]

### 2. Initial seizure of emails was reasonable

Defendant also argues that "the government did not have probable cause to initially search and seize [his] Yahoo account and emails under the 2703(f) letter."[64] A preservation request pursuant to § 2703(f) notifies the online provider to "take all necessary steps to preserve records" of an account. The request does not interfere with the use of the account or entitle the Government to obtain information without further legal process. Moreover, in the absence of a warrant, the Fourth Amendment permits the seizure of property, pending issuance of a warrant to

---

[60] Docket 334-4 at 38. Section 2706 reads in relevant part: "a governmental entity obtaining the contents of communications, records, or other information under section 2702, 2703, or 2704 of this title shall pay to the person or entity assembling or providing such information a fee for reimbursement for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing such information."
[61] Docket 334-4 at 36.
[62] *Id.* at 36–45.
[63] Docket 316 at 22–27.
[64] Docket 359 at 2, citing Docket 296 at 52–54.

*United States v. Basey*     Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255     Page 11
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 11 of 15

examine its contents, if probable cause exists and "if the exigencies of the circumstances demand it . . . ."[65] Defendant argues that there was neither probable cause nor exigent circumstance.[66]

Defendant's reasoning is difficult to follow, but he seems to argue that because he did not admit that his emails contained child pornography, there was no probable cause to seize his emails.[67] But a defendant's admission is not required to show probable cause. Probable cause is a "totality of the circumstances" test and means "'fair probability,' not certainty or even a preponderance of the evidence."[68] Defendant's admission that "the initial preservation was **at most supported by reasonable suspicion**,"[69] while not a relevant standard, does not weigh in his favor.

Moreover, Defendant's argument again relies on his position that the search of his devices was "illegal," which, as discussed above, was not the case. Additionally, the Magistrate already has performed this analysis in the Report and Recommendation at Docket 160, wherein he concluded that even in the absence of the tainted statements, there was probable cause to search Defendant's electronic

---

[65] *United States v. Place*, 462 U.S. 696, 701 (1983).
[66] Docket 296 at 53–54.
[67] Defendant argued that "the government did not have probable cause to initially search and seize Basey's Yahoo account and emails under the 2703(f) letter. The only reason the CID preserved Basey's account was because they thought Basey had used the account 'to view/distribute child [pornography].' But Basey never said he used the email account for that purpose." Docket 296 at 53. He then admits that although the topic of child pornography "came up," during his interrogation, his statement was later suppressed by the Court. *Id.*
[68] *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006)
[69] Docket 296 at 61.

*United States v. Basey* Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255 Page 12
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 12 of 15

devices.[70] The same analysis applies to establish probable cause for the preservation letter.

Defendant also argues that there was no exigency. However, the very nature of emails, which easily can be deleted by a user, is one reason § 2703(f) letters remain in use. Despite criticism of § 2703(f), the use of § 2703(f) letters remains a law enforcement standard.[71]

### 3. Continued preservation was reasonable

The Court is unpersuaded by Defendant's argument that the period of delay between the § 2703(f) preservation letter and the warrant was "astronomical,"[72] or that the investigators failed to exercise "diligence in obtaining the warrant."[73] Under the circumstances, the Court cannot find this delay sufficiently long to defeat the warrant or to otherwise infringe on any constitutional right.

Finally, with respect to Defendant's argument regarding the unfairness of the common practice of retaining materials beyond 180 days in order to get reimbursed by the government, the Stored Communications Act does *not* provide an exclusion remedy for nonconstitutional violations. Section 2708 states specifically that § 2707's civil cause of

---

[70] Docket 160 at 42–43.
[71] *See* Armin Tadayon, PRESERVATION REQUESTS AND THE FOURTH AMENDMENT, 44 SEAULR 105 (Fall, 2020).
[72] Docket 296 at 57–58.
[73] *Id.* at 60–61.

*United States v. Basey*      Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255      Page 13
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 13 of 15

action and § 2701(b)'s criminal penalties "are the only judicial remedies and sanctions for nonconstitutional violations of this chapter."[74]

### III. CONCLUSION

Defendant alleges ineffective assistance of counsel because counsel declined (or in the case of CJA counsel, delayed) filing a motion to suppress the emails that formed the basis of the charges against him. Even with the additional arguments articulated in the § 2255 briefing, the Court would not have granted a motion to suppress the emails, which was the only grounds upon which Defendant asserted ineffective assistance of counsel.

The Order at Docket 357 is VACATED IN PART with respect to the § 2255 Petition, as addressed herein. Having concluded that Defendant would not have prevailed on a suppression motion, the various discovery motions[75] therefore must be denied as addressed at Docket 357, which remains final as to those motions, and the Petition for relief under § 2255 is DENIED.

### IV. CERTIFICATE OF APPEALABILITY

Finally, because Defendant has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists could not find otherwise, the Court declines to grant a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c).

---

[74] 18 U.S.C. § 2708; *See United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998) (finding that if a searched voicemail message is subject to the Wiretap Act then suppression is an available remedy for any violation, but "[i]f the voicemail message at issue is subject to the strictures of the Stored Communications Act, then suppression is not an available remedy.").
[75] Dockets 342, 343, 344, 349, 355, 356.

*United States v. Basey*  Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255  Page 14
Case 4:14-cr-00028-RRB   Document 363   Filed 04/13/21   Page 14 of 15

IT IS SO ORDERED this 13th day of April, 2021, at Anchorage, Alaska.

                                                      */s/ Ralph R. Beistline*
                                                     RALPH R. BEISTLINE
                                       Senior United States District Judge

*United States v. Basey*                                                                      Case No. 4:14-cr-00028 RRB
Amended Order Denying Petition for Relief pursuant to § 2255                   Page 15
Case 4:14-cr-00028-RRB    Document 363    Filed 04/13/21    Page 15 of 15