E. BRYAN WILSON
Acting United States Attorney

G. MICHAEL EBELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.ebell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 4:14-cr-00028-RRB |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| KALEB LEE BASEY, | ) |
| Defendant. | ) |

**NON-OPPOSITION TO MOTION FOR RETURN OF SEIZED PROPERTY [DKT 369]**

Comes now the United States, by and through the undersigned Assistant U.S. Attorney, and files this non-opposition to Defendant's Motion for Seized Property (Dkt 369). The Government does not concede defendant's factual and legal claims. However, after consultation with the Federal Bureau of Investigations (FBI) the Government agrees that it follows policy to return the requested property after it has been

deleted in a manner which ensures no contraband remains. This renders much of defendant's motion moot.

The search of defendant's room has been thoroughly litigated in this case, with multiple motions and evidentiary hearings. Some of defendant's statements were suppressed but none of the seized items were suppressed. Dkts 160, 165. Defendant's Second Motion for Return of Seized Property appears primarily focused on relitigating these previously litigated issues. Such rehashing is unnecessary as the Government is prepared to return the property as requested.

Rule 41(g) is broader than the exclusionary rule, permitting the return of even lawfully seized evidence. Fed.R.Crim.P. 41(g). It serves a fundamentally different purpose and goal from the exclusionary rule. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) (overruled on other grounds). District Court's have broad discretion in applying the rules of equity when returning seized property and ordering potential deletion of copies. *Id.* at 1174 ("What circumstances merit this remedy is left to the discretion of the district court . . ."). Return of property does not require deletion of copies, and deletion is not required even where it is found that property was seized illegally. *Ramsden v. U.S.*, 2 F.3d 322, 326-37 (9th Cir 1993) (Holding "that the district court erred by precluding the Government from reviewing or copying the illegally seized documents.")

The government does not concede that the items at issue would qualify as

"illegally seized" nor that deletion is required even if they were.[1] However, it is FBI policy to delete copies of seized digital evidence upon return of the property and completion of any appeal in the case. The defendant's primary appeal is concluded, and while he still has a pending motion for certificate of appeal on his §2255 motion it appears compliant with policy to delete the relevant copies upon return of these items.

The Government agrees to return defendant's property once they have been cleared of contraband and destroy copies made of the returned property. This satisfies defendant's prayers for relief C, D, and E; and renders moot prayers for relief A, B, and F.

**Derivative Information**

Defendant asks for an order to destroy "all derivative information in the Government and State's possession." This phrase in isolation is vague and potentially overbroad. It could arguably include reports about the information, court filings which discuss the evidence, and records from the evidentiary hearings which reference or summarize the information.

Defendant's Second Motion for Return of Property includes a subsection at paragraph 25 which directly addresses "Derivative Information." Dkt 369 p.17. This section specifies that the derivative information is "contained on eight disks (CDs/DVDs) and one thumb drive" and "forensic paperwork from Mr. Basey's computer [that] has

---

[1] Previous rulings of the Court find that the initial search seizing the items was improper but that the subsequent warrant was sufficiently curative such that suppression was not required. Dkt. 160, 165.

U.S. v. Basey
4:14-cr-00028-RRB

3

been printed out." From this context it appears that "Derivative Information" is meant to include all copies of the seized evidence, and not other materials which simply reference that evidence. The Government agrees to delete copies made from the seized evidence which is being returned. While this is beyond legal requirements it follows policy.

**Return of Property**

Defendant must provide the name of an individual who he authorizes to receive his returned property and their contact information. When this is done the FBI will contact them and let them know where and when they can receive the property. Once that is complete copies of the returned property will be deleted. The Government has no opposition to the entry of such an order.

RESPECTFULLY SUBMITTED July 30, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

s/ G. Michael Eebell
G. MICHAEL EBELL
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021,
a true and correct copy of the foregoing
was served via United States Mail on the following:

Kaleb Lee Basey
1775-006 Cardinal Unit
Federal Medical Center Lexington
PO Box 14500
Lexington, KY 40512-4500

s/ G. Michael Ebell
Office of the U.S. Attorney
U.S. v. Basey
4:14-cr-00028-RRB