IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KALEB LEE BASEY,<br><br>Defendant. | Case No. 4:14-cr-00028-RRB<br><br>**ORDER DENYING<br>MOTION TO DISCLOSE JUROR<br>IDENTIFICATION INFORMATION**<br>**(Docket No. 443)** |

Defendant previously sought a new trial based on "newly discovered evidence" in the form of internal FBI guidelines. Defendant received the guidelines pursuant to a Freedom of Information Act ("FOIA") request.[1] This Court held that "Defendant has not presented any evidence that the 'newly discovered evidence' he presents was material to the charges against him, that he was prejudiced by the Government's conduct, or that he did not receive a fair trial."[2] Defendant currently is appealing this Court's Order Denying his Motion for a New Trial.[3] On the same day that Defendant filed the aforementioned appeal, he also filed a *pro se* Motion to

---

[1] Docket 432.
[2] Docket 440.
[3] *Id.*

Disclose Juror Identification Information before this Court.[4]  The Government opposes the motion.[5]

Defendant seeks identifying information regarding the jurors from his trial "to assist him in questioning the former jurors regarding newly discovered evidence obtained thorough FOIA that may support his claim of a *Brady v. Maryland* violation."[6]  It appears that Defendant is seeking information that would support his argument on appeal that the jury could have reached a different conclusion if they had been aware of the internal FBI policy.

Generally, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. . . .  This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously."[7]

For the reasons identified by the Government at Docket 452, the Court agrees that Defendant's argument is without merit.  However, because the underlying issue currently is on appeal, this Court arguably lacks jurisdiction to issue a ruling.  However, the principle of exclusive appellate jurisdiction is not absolute, and this Court "retains jurisdiction during the pendency of an appeal to act to

---

[4] Docket 443.
[5] Docket 452.
[6] Docket 443 at 1.
[7] *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted).

*Untied States v. Basey*                                                                          Case No. 4:14-cr-00028-RRB
Order Denying Motion to Disclose Juror Identification Information                                  Page 2
Case 4:14-cr-00028-RRB    Document 453    Filed 06/23/26    Page 2 of 3

preserve the status quo."[8]  This Court can, therefore, deny the motion and maintain the status quo.  Ultimately, after the appeal is decided the issue will be moot.

In light of the foregoing, the instant motion appears to be moot and without merit.  Therefore, the motion at Docket 443 is DENIED.

IT IS SO ORDERED this 23rd day of June , 2026, at Anchorage, Alaska.

_/s/ Ralph R. Beistline_
RALPH R. BEISTLINE
Senior United States District Judge

---

[8] _Id_. (citations omitted).

_Untied States v. Basey_                                                      Case No. 4:14-cr-00028-RRB
Order Denying Motion to Disclose Juror Identification Information                          Page 3

Case 4:14-cr-00028-RRB     Document 453     Filed 06/23/26     Page 3 of 3